## BROOKLYN WHITE LEAD COMPANY *vs.* MASURY.

It is to protect a party's right of selling his own, that the law of trade marks has been introduced. The right must include the privilege of selling to all— to the incautious as well as to the cautious.

Any false name that is assumed in imitation of a prior true name, is in violation of this right, and the use of it will be restrained by injunction.

Where the plaintiff, an incorporated company, had been engaged in the manufacture of white lead, at Brooklyn, for more than twenty years, and of marking their kegs " Brooklyn White Lead Company "—or " Co." and the defendant had been engaged in the same business, at the same place, for a lesser period, and had recently changed his mark, upon his kegs, so that it read " Brooklyn White Lead and Zinc *Company ;*" *Held* that this was an imita-

Brooklyn White Lead Co. *v.* Masury.

tion of the plaintiffs' trade-mark, with only a colorable difference, the effect of which imitation would be to deceive the public, and to make the defendant's paint pass as the plaintiffs'. The defendant was therefore restrained, by injunction, from using the word " company " or " Co."

APPEAL from an order made at a special term, dissolving an injunction. The injunction restrained the defendant from selling or offering for sale the spurious white lead mentioned in the complaint, manufactured by him, or by any other person, with the stamp or trade mark used by the defendant and described in the complaint, thereon ; and from selling any white lead manufactured by any person or body other than the plaintiffs, under the denomination of the plaintiffs' white lead, or any denomination similating that of the plaintiffs, or put up in kegs or otherwise with the plaintiffs' stamp or trade mark thereon, or the stamp or trade mark used by the defendant and described in the complaint, thereon ; and from putting any stamp thereon, in such a manner as to be a colorable imitation of the plaintiffs' stamp. The facts on which the injunction was granted, appear sufficiently in the opinion of the court.

*T. H. Rodman,* for the appellant.

*Wm. W. Niles,* for the respondent.

*By the Court,* MITCHELL, P. J. The plaintiffs have been engaged in the manufacture of white lead for more than twenty years, and have been in the habit, for that period, of marking their kegs with their name ; adding the words, " premium lead, warranted pure." Since 1849, the defendant has been engaged in the same business ; he and the plaintiffs manufacturing in Brooklyn, and each having a store in New York. The defendant, at first, labeled his kegs " Brooklyn White Lead * pure, 100 lbs." To that the plaintiffs did not object. They knew it, and may be considered as having assented to it, and led the defendant to continue to use that name, and enabled him to obtain a reputation for it as his own, by their acquiescence. As they both dealt in the same article, and both man-

ufactured it at Boooklyn, each had the same right to describe it as Brooklyn white lead ; and it is shown that many other companies had used the same designation. But within some few years, (how many does not appear,) the defendant has changed his mark, and assumed one to which he has no title, and which is an imitation of the plaintiffs' with only a colorable difference ; that of " Brooklyn white lead and zinc *company*." He has no such company, and that part of his new title seems to have been adopted to imitate the plaintiffs' and to make his paint pass as theirs. Such would be its effect with any but the most cautious. It is to protect the plaintiffs' right of selling his own that the law of trade marks has been introduced. It must include a right to sell to all—to the incautious as well as to the cautious. Any false name that is assumed in imitation of a prior true name is in violation of this right, and the use of it should be restrained by injunction.

The defendant should be enjoined from the use of the word "company" or " Co." He says others are interested with him in the business. That would justify him in calling his paint by the name of Masury & Co.'s, but not by a title as of an incorporated company, strongly resembling the plaintiffs. He has, within a few years, added to his business the making of zinc paint. He may therefore continue to use the title "Brooklyn white lead and zinc ;" only omitting the name "company," or " Co." The injunction should be so modified.

The order appealed from should also be so modified, without costs.

[New York General Term, September 14, 1857.  *Mitchell, Roosevelt* and *Peabody,* Justices.]