## GLENDON IRON CO. *v.* UHLER *et al.*

1. The name of a town or incorporated borough cannot be exclusively appropriated by one person as a trade mark, where the same kind of goods are manufactured by others in the same place.

2. The fact that the name was adopted as a trade mark before the town was incorporated, makes no difference.

Appeal from the common pleas of Northampton county. In equity.

Opinion delivered May 11, 1874, by ·

MERCUR, J. Glendon is the name of the town in which the business of each party is located and carried on It is an incorporated borough. Being, then, the name of an incorporated town, the main question is whether the appellant lawfully has the exclusive right to use it as a trade mark. It is conceded, as a general rule, that the name of a town or city cannot be so appropriated as the exclusive property of any one. This view is well sustained by authority.‧ High on Injunctions, sect 673; Bispham's Eq. 411 ; Wolf *v.* Goulard, 18 Howard's Prac. Rep. 64; Brooklyn White Lead Co. *v.* Massey, 25 Barb. 416; Newman *v.* Alvord, 49 Barb. 588; Candel *v.* Deere, Supreme Court of Illinois, 10 Am. Law Reg., 3 N. S. 694 ; Del. & Hud. Canal Co. *v.* Clark, 13 Wallace 311.

It is contended by the appellant that this case is taken out of the general rule inasmuch as the trade mark was adopted prior to the incorporation of the borough, and before there was any town in that place. No authority is‧ cited which supports this distinction. The case of Wotherspoon *v.* Gurrie, Lord's Journals, 18th April, 1872, is clearly distinguishable. It is known as the Glenfield Starch Case. It is true the injunction

was there granted, but the complainant and respondent were not both engaged in carrying on the same business in the same town or city. There was no town nor city there. The Lord Chancellor says: "Glenfield is not a town * * * * it is not a parish, it is not a hamlet, it is not a district of any special character, but it was an estate of that name upon which some people seem to have erected some houses or manufactories, and upon which now some sixty people are living." It will not do to apply to an incorporated borough in this State, the same rule that may be applicable to an estate in England. Such a borough is essentially of a public nature, the estate is of a more private character. The name which an individual may give to his estate is unlike that which legislative sanction has given to a municipal corporation. The right of the public in each is radically different. The appellees did not falsely represent the place of their business location. Their pig iron was actually manufactured within the borough of Glendon.

It is said in Canal Co. v. Clark, supra, "True it may be that the use by a second producer in describing truthfully his products by a name or combination of words already in use by another, may have the effect of causing the public to mistake as to the origin or ownership of the product, but if it is just as true in its application to his goods as it is to those of another who first applied it, and who therefore claims an exclusive right to use it, there is no legal or moral wrong done. Purchasers may be mistaken but they are not deceived by false representations, and equity will not enjoin against telling the truth " The appellees put upon their pigs the initials of their firm and the name of their town That name was Glendon to the whole world. It cannot be that the previous appropriation by the appallant of the word which now is the name of the town, prevents any other manufacturer of pig iron, within its limits, from using the same word. If it be so now, it may continue through all coming time. The boundaries of the town may be enlarged ; the borough may grow into a city ; the manufacturies of pig iron may be multipied, yet the word most expressive to indicate their locations must be denied to all save one. So far as the authorities go to restrain a manufacturer from the adoption of a truthful trade mark, we will endeavor to enforce them. When asked to go further we must decline. If the effect of the incorporation of the appellants' district of country into a town by the name of ''Glendon" has been to deprived them of some of their former rights, they must submit to the consequences. As well might they complain of the increased taxation which the municipal corporation has probably imposed upon their property. By the creation of this new municipality they assumed new relative rights. They relinquished some which they previously possessed. The rights thereby given to the public became common to all citizens dwelling therein. We see nothing in the facts of this case, even as found by the master, to take it out of the general rule, which denies to one the exclusive use, as a trade mark, of the name of the town in which the same kind of goods are manufactured by others. The commission of a lawful act does not become actionable although it may proceed from a malicious motive. Jenkins v. Fowler, 12 Harris, 308 ; Idem, 4 Casey, 176. This view is decisive of the case. We will, however, add that an examination of the evidence has, in one respect, led us to a different conclusion than the one arrived at by the master. We are unable to discover satisfactory proof that the appellees adopted their trade mark with the design of imitating the one used by the appellants. The learned judge was entirely correct in dismissing the bill.

Decree affirmed and appeal dismissed at the cost of the appellant.