## SUPREME COURT.

THE ELECTRO-SILICON COMPANY agt. BENJAMIN LEVY.

*Trade-mark — When an imitation of the packages, labels and manner of dressing goods of another will be restrained by injunction.*

An imitation of the packages, labels and manner of dressing goods of another will be restrained by injunction where the party has combined these things in such a manner as to invade the plaintiff's rights, secured by their first adoption in combination, and in a way well calculated to deceive buyers of the article.

*Special Term, June*, 1880.

*Chase & Bestow*, for plaintiff.

*Otto Horintz*, for defendant.

VAN VORST, *J.* — The plaintiff can have no exclusive right to the use of the word "silicon," which is one in common use, and is reasonably, in so far as the substance of this powder is concerned, descriptive.   Perhaps it is not technically accurate to call the "infusorial earth," used by these parties to produce the powder, and which is found in various parts of the globe in a natural state, "silicon."   Silicon largely predominates, but the product itself is silicon plus oxygen.   The plaintiff however, in its description of the article printed on its boxes, says it has been "ascertained by analysis to be pure silex, or silicon."   If that representation be true I do not see why the defendant, if he makes a powder from the same deposit or substance, may not also call it "silicon."   Of a word which plaintiff admits to be descriptive it can have no monopoly.

In the case of this same plaintiff against Trask, lately decided by me, the defendant clearly enough designed to simulate the peculiar name which the plaintiff had originally adopted to distinguish its article—"electro-silicon."   Trask called his article "electric-silicon."   The slight change was itself suggestive of a fraudulent intention.   The evidence showed that Trask's design in adopting that name, and in the manner in which he put up his powder, was to get advantage of the trade which plaintiff had secured (*Electro-Silicon Co.* agt. *Trask, ante, page* 189).

The defendant in this case calls his article "Nevada silicon." But in other respects he has followed Trask's methods, which have been condemned.

In preparing his article for market defendant has carefully followed the plaintiff in the size and form of the boxes used and the material out of which they are made, and he has covered the top and sides with yellow paper, with printed matter arranged on the top within a circular border, one of a heavy and the other of a light black line, clearly in imitation of the plaintiff's manner of presenting his article.   And as the plaintiff has imprinted on its label its corporate name, "Electro-Silicon Co.," the defendant has printed on his boxes,

in the same relative position, the name "Nevada Silicon Co.," whereas, as the proof discloses, there was no such company.

The defendant had once been in the employment of the plaintiff, was entirely familiar with its business and trade-marks, and had been in communication with its customers. It seems to me that his object in so imitating the plaintiff's packages, in his own preparation, is quite apparent. The plaintiff had, at much expense and considerable effort, put forth through many years, secured a large trade for what is proved to be a really useful article. I think it quite evident that the defendant, by such imitation, would take to himself some of the plaintiff's trade and profit. By honest and con-scientious efforts there is no possible objection to his successful manufacture and sale of the article he produces, but he should not be allowed by any unfair artifice to impose upon others his article for the plaintiff's, and in this way deceive buyers and injure the plaintiff.

The testimony of many dealers in the article has been taken, and the weight of the evidence is that the defendant's article is so put up as readily to deceive the ordinary and unobserv-ant purchaser.

A close examination, it is true, does disclose many differ-ences in the printed matter, but the general appearance of the two packages is much alike. The coincidence is not acci-dental, and was evidently designed. The learned judge before whom the motion for an injunction was heard at chambers restrained the defendant, and I think he was correct in his conclusion. The evidence adduced on the hearing justifies a like result.

The defendant should be restrained by the judgment of this court, not because he is prohibited from using the word "silicon," or for the reason that he uses a round wooden box or yellow paper with border and printing thereon. To these separately the plaintiff is not entitled to exclusive use. But the defendant has combined this word and these things in such a manner as to invade the plaintiff's rights, secured by

their first adoption in combination. The defendant has so closely imitated the plaintiff's combined use of these elements as to inflict injury upon him, and in a way well calculated to deceive buyers of the article.

The defendant's article should stand on its own merits and be introduced in a manner as not to conflict with the plaintiff's rights. The success of a new enterprise, which is often attended with difficulty, might be at once secured if its projectors could take to themselves and utilize the good reputation of others, symbolized in part by their marks and badges. But without consent that cannot be done (*Enoch Morgan's Sons Co.* agt. *Schawchofer*, 5 *Abbt.* [*N. C.*], 265; *Brown* agt. *Mercer*, 37 *Superior Court Reports*, 265).

There should be judgment for the plaintff based upon the principles above indicated.