R. T. SANDERS, Appellant, v. GEORGE G. UTT, Respondent.

December 23, 1884.

TRADE-MARK — PROPRIETARY RIGHT TO A TRADE NAME. — A dentist doing business in St. Luis may acquire a proprietary right to the use of the words "New York Dental Rooms," to describe his place of business.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Reversed and remanded.*

C. P. & J. D. JOHNSON, for the appellant. Although the name as used by appellant is not strictly speaking a trade-mark, yet it comes within the rules applicable to trade-marks and will be protected as such. — *Gamble* v. *Stevenson*, 10 Mo. App. 581; *Filley* v. *Fassett*, 44 Mo. 178; *McCarthy* v. *Garnhart*, 45 Mo. 595. It is apparent that the respondent appropriated a portion of appellant's trade-mark for an unlawful purpose — that is, for the purpose of deceiving the public and defrauding ap-

pellant. This being the case appellant is entitled to be protected against the piracy, even though the word pirated is a geographical name. — Codd. Dig. T. M. Cas., sects. 723, 730; *Lee* v. *Haley*, 18 W. R. 242; Cox T. M. Cas., 26, n. 2 and 184, n. 1; *Mclean* v. *Fleming*, 96 U. S. 245; *Lee* v. *Wolf*, 15 Abb. Pr. (U. S.) 1.

GEO. D. REYNOLDS and CHAS. W. HOLTCAMP, for the respondent: " New York " is a geographical name and can not be exclusively appropriated by any one. — Brown on Trade-Marks, sects. 182, 183, 185, 186, to 193; *Ibid.* 495, 500; *Stokes* v. *Landgraff*, 17 Barb. 608. " New York," when used to designate the nature of the article, not a valid trade mark. — *Colonial Life Assu. Co.* v. *Home and Colonial Life Assu. Co.*, 33 Beav. 548; *Brooklyn White Lead Co.* v. *Masury*, 25 Barb. 416; *Canal Co.* v. *Clark*, 13 Wall. 311. " Dental " is a general name; no one can acquire property it it. — *Choynski* v. *Cohn*, 39 Cal. 501; Brown on Trade-Marks, sects. 100, 161, and cases *supra; Edlestone* v. *Vick*, 23 Eng. L. & Eq. 51. The difference between the two names is a substantial one, not merely colorable, and so marked as to avoid deception to even the most careless. Hence no infringement nor fraud on plaintiff. — *Pursar* v. *Brain*, 17 L. J. Ch. 141; *Colton* v. *Thomas*, 2 Brew. 308; *Partridge* v. *Menck*, 2 Sandf. Ch. 622; *Brooklyn White Lead Co.* v. *Masury*, 25 Barb. 416. The plaintiff does not come into court with clean hands. It is for him to allege and prove that the name " New York " is not deceptive. — *Manhattan Med. Co.* v. *Wood et al.*, 108 U. S. 218.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff is a dentist, practicing his profession in the city of St. Louis. His petition states that, for about twelve years past, he has kept over the entrance to his place of business a sign bearing the words " New York Dental Rooms," and adds other particulars of fact which are suf-

ficient to vest in him a proprietary right to those words, as descriptive of the place where his business is carried on, if the words themselves are capable of being held in such a right. It is further stated that the defendant is carrying on the business of dentistry at a place about nine squares from the plaintiff's and has adopted a sign similar in appearance to that of the plaintiff; bearing the words "New York Steam Dental Company," and in other ways employs the same words in advertising his business and practice. That the defendant thus deceives and misleads the public into the belief that his place of business is the one occupied by the plaintiff, and has thus defrauded and still continues to defraud the plaintiff of his rightful profits and patronage. Plaintiff prays that the defendant be enjoined and restrained from carrying on his business in the name of "New York Steam Dental Company," and from employing the words the "New York" and "dental" or either of them, in any combination of words, for the purpose of advertising his business of dentistry, and for other relief. The circuit court sustained a demurrer to this petition.

As to the supposed lack of resemblance between the names or titles used by the parties, respectively, there is nothing material to be considered. The resemblance is closer than what has appeared in many cases where the phrases employed were held to involve unlawful infringements. *Edelston* v. *Edelston*, 1 De G. J. & S. 185; *Dixon* v. *Crucible Co.* v. *Guggenheim*, 2 Brews. 321; *Potter* v. *McPherson*, 21 Hun., 559; *Electro S. Co.* v. *Levy*, 59 How. Pr. 469; *Roberts* v. *Sheldon*, 8 Biss. (U. S. C. C.) 398.

The grounds of objection chiefly relied on seem to be, that the words "New York," being a mere geographical designation, and the word "Dental" only a generic term of description applying to a business or occupation, there can be no proprietary right in either, and no infringement in any use of them by a person other than the plaintiff.

Strictly speaking, this is not a controversy about a trademark. A very able writer on the subject seems to be of opinion that no accurate definition of the term "trademark" has ever been recognized by a competent authority. Brown on Trade Marks, ch. III. However this may be, it seems to be understood that a trade-mark must be a sign or indication of some sort, placed upon an article or commodity, in order to distinguish it as the manufacture or production of a particular person. The present case concerns rather the "good will" of the plaintiff's business, and so resembles the case of *Chovnski* v. *Cohen*(39 Cal. 501), which was a controversy over the right to use on a sign the words "Antiquarian Book Store." The distinction, however, is of little consequence, since the rights of the parties, respectively, are closely analogous in the two classes of cases.

To say that a geographical name can never be used in proprietary right as a trade-mark, states the rule far too broadly. When such a name is employed in connection with the place of manufacture or production, no person manufacturing or producing at that place can monopolize it against other persons manufacturing or producing at the same place. Thus, in *Brooklyn W. L. Co* . v. *Masury*, (25 Barb. 416), the plaintiff had for many years marked its merchandise with its corporate name, when the defendant, who also manufactured in Brooklyn, adopted the mark "Brooklyn White Lead & Zinc Company." The defendant was restrained from using the word "Company," since he had no company, and his use of the word was a fraud on the rights of the plaintiff. But it was held that either party had a right to use the words "Brooklyn White Lead," because the manufactures of each originated in Brooklyn. But in *Newman* v. *Alvord* (49 Barb. 588), the controversy was about the word "Akron," which was the name of the village in New York, where the plaintiffs manufactured a cement, or water lime, under the name of "Newman's Ak-

ron Cement Company." The defendants were engaged in the same line of business at Syracuse, N. Y., and marked their packages "Onondaga Akron Cement and Water Lime." It was held that the plaintiffs had an exclusive right to use the word "Akron," except as against any person manufacturing at the same place. The defendants were therefore restrained from using the word, although it was a geographical name, because they had no factory at Akron. There is yet another class of cases in which proprietary rights may be acquired in a geographical name. This occurs where the name is used, not for the purpose of indicating a particular locality as in any way connected with the business, but only as a fancy designation, adopted for the sole purpose of distinguishing the factory, or its business, or the particular persons engaged therein, from all other institutions or persons identified with the same pursuit. *McAndrew* v. *Bassett* (10 Jur. (N. S.) 550), is a case in point. The word "Anatolia" was a geographical name, and was stamped on a certain article of liquorice made by the plaintiff which had acquired a high reputation. It was not intended to be understood, nor was it supposed by any body, that the stamp had any sort of reference to the place or country which the name described. It was employed simply as a fancy designation, for distinguishing the article from other liquorice, and as such was held to be the plaintiff's exclusive property and trade-mark. The principle of this decision bears a precise application to the present case, in so far as it touches the use of the name "New York." No one can possibly understand from the plaintiff's sign that his dentistry is performed in the city or state of New York, or that he intends to inform the public that either of those geographical divisions is in any way connected with the service offered to his patrons. Had he called his establishment the "Chimborazo Dental Rooms," no intelligent person would be likely to associate the designation with a mountain in South America, otherwise than as discovering

where the proprietor had found a fancy name wherewith to distinguish his place of business from others of like character. We think, therefore, that the petition sufficiently shows a proprietary right in the plaintiff to the title " New York," as descriptive of his professional abode, and an unlawful infringement of his right by the defendant. To this extent, therefore, the demurrer should have been overruled.

Not so, however, with the word " dental." That is a generic term, descriptive of a kind of business, and is properly open to all who may choose to engage in such a pursuit. As well might one claim an exclusive property in the term " dry goods," or " groceries," or " tailor's shop." The defendant had a clear right to the use of any apt generic expression which would indicate the nature of his occupation, while he might not encroach upon another's selection of a mere arbitrary symbol having no such descriptive office, but being employed to distinguish an individual among a community of operators in the same line. *Chovnski* v. *Cohen*, 39 Cal. 501. The judgment is reversed and the cause remanded. All the judges concur.