## MARCUS WARD & Co., Limited, v. WARD et al.

*(Supreme Court, General Term, First Department.   October 16, 1891.)*

1. TRADE-MARKS—USE OF FIRM NAME.
   Defendant withdrew from the firm of Marcus Ward & Co., Limited, which was engaged in the manufacture of linen papers, and established the firm of Wm. H. Ward & Co., engaged in the same business.  An action was brought to enjoin defendants from placing the words "Marcus Ward's Son" on their goods, and the expression, "Late of the firm of Marcus Ward & Co.," on their letter-heads.  *Held,* the fact being that defendant was a son of Marcus Ward, and that he was lately a member of the firm named, that plaintiff was not entitled to the injunction.

2. INJUNCTION—IMITATIVE MANUFACTURE—EVIDENCE.
   In an action to enjoin defendants' firm manufacturing and selling stationery in imitation of that made and sold by plaintiff, where the evidence failed to show that any purchaser had ever been or was likely to be deceived by the alleged similarity of the goods, the injunction was properly denied.

3. TRADE-MARKS—INJUNCTION—DESCRIPTIVE SYMBOL.
   In such case, defendants will not be enjoined from using the symbol "R 12" on their goods, which was used by plaintiff merely to show the size of the sheets in each package of stationery, and by defendants for the same purpose.

4. INJUNCTION—SOLICITING CUSTOM FROM PATRONS OF OLD FIRM.
   A person who sells out his interest in a firm, and afterwards commences the same business himself, cannot be enjoined from soliciting the patronage of the customers of the old firm.

Appeal from special term, New York county.

Action by the firm of Marcus Ward & Co., Limited, against William H. Ward and R. Ward Carroll, partners as William H. Ward & Co.   From a judgment for defendants, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Vanderpoel, Cuming & Goodwin,* (*Delos McCurdy* and *James R. Cuming,* of counsel,) for appellant.   *Butler, Stillman & Hubbard,* (*Wm. Allen Butler* and *John Notman,* of counsel,) for respondents.

BARTLETT, J.   I think this case was rightly decided at the special term. The litigation grows out of the competition between the plaintiff corporation and the defendants in the business of manufacturing writing paper and stationery.   Since 1883 the plaintiff has been a limited corporation organized under the British law, and carrying on business in Belfast, London, and New York.   It was the successor in business of a pre-existing firm known as Marcus Ward & Co., in which firm the defendant William H. Ward had been a copartner.   The firm transferred to the corporation its property, business, and good-will; and the defendant William H. Ward received from the corporation, in payment for his interest in the firm, an amount of stock proportionate to the amount of that interest.   For a number of years the defendant William H. Ward was a director in the plaintiff corporation, but disagreements arose between him and some of the other directors, and he retired from office, and in May, 1888, entered into partnership with the defendant R. Ward Carroll, forming a firm known as William H. Ward & Co., for the purpose of manufacturing, importing, and selling linen writing paper and stationery in Belfast, London, and New York.   In the course of the business thus started by the defendants' firm, the defendants have used the expression "Marcus Ward's Son" upon some of the writing paper which they put upon the market. They have also offered for sale, and sold, a kind of paper which they have called "Old English Vellum," contained in boxes upon which has appeared the symbol "R 12."   They have used upon their business cards and bill-heads the inscription, "William H. Ward & Co., late of the firm of Marcus Ward & Co.," and they have solicited business from the stationery trade in the city of New York from persons among whom are included former customers of the plaintiff corporation.   Of these several acts the plaintiff complains in the present suit, and asks that the defendants be enjoined from using or display-

ing the name or designation "Marcus Ward's Son," or the expression, "late of the firm of Marcus Ward & Co.," upon any signs, cards, bill-heads, or stationery; that they also be restrained from using any of the trade letters or numbers heretofore used by the plaintiff; and that they be prohibited from in any manner soliciting business from the plaintiff's customers, under any pretense that they are connected with the plaintiff, or any representation that they have been connected or associated with the late firm of Marcus Ward & Co. The proof on the trial failed in each instance to establish facts sufficient to warrant the court in granting the relief prayed for by the plaintiff. The defendant William H. Ward is in fact a son of the late Marcus Ward, and had a perfect right to represent himself as such. In the agreement which transferred the business of the late firm of Marcus Ward & Co. to the plaintiff corporation known as "Marcus Ward & Co., Limited," there was no covenant or engagement on the part of the vendors not to engage in the same business. The defendant William H. Ward was therefore entirely at liberty to organize a new firm with his co-defendant when he could no longer get on harmoniously with the directors of the corporation, and found it necessary or expedient to go into business for himself. He was only stating the truth when he described himself as "Marcus Ward's Son," and as late of the firm of Marcus Ward & Co. The exhibits which have been submitted to the court as a part of the appeal-book show that there is no such resemblance between the marks used by the plaintiff and the marks used by the defendants as to be likely to deceive any one, or to lead a person desiring to purchase the plaintiff's goods to accept those of the defendants by mistake. This is true not only of the water-marks on the writing paper, but of the devices and decorations upon the boxes in which the different sorts of paper are offered for sale. Indeed, the distinction is so manifest, upon a mere cursory inspection, as to indicate that considerable pains were taken on the part of the defendants not to imitate the plaintiff's stationery in any way which would be likely to mislead the public. Furthermore, there is absolutely no evidence that any purchaser, or intending purchaser, ever was deceived or mistook the defendants' goods for those of the plaintiff.

As to the use of the symbol "R 12," it appeared that it was merely a private mark used for office convenience, and that its meaning was unknown to the stationery trade. It was employed only to indicate a particular size of paper. Such a combination, used for such a purpose, does not constitute a trade-mark. There can be no right to an exclusive use of any words, letters, figures, or symbols which have no relation to the origin or ownership of goods, but are intended only to indicate their dimensions and quality. *Manufacturing Co.* v. *Spear*, 2 Sandf. 599.

Finally, as to the complaint that the defendants solicited business from former customers of the plaintiff. It was formerly held in England that, although the vendor of the good-will of a business might, in the absence of an express agreement to the contrary, carry on the same business wherever he pleased, and solicit customers in any public manner, he could not lawfully apply to any of the customers of the old business, asking them to continue their custom with him rather than deal with the vendees. *Labouchere* v. *Dawson*, L. R. 13 Eq. 322. This doctrine, however, no longer prevails. It was declared to be incorrect by a majority of the court of appeal in *Pearson* v. *Pearson*, 27 Ch. Div. 145, and was rejected as no longer the law by Mr. Justice STIRLING in the later case of *Vernon* v. *Hallam*, 34 Ch. Div. 748. There was no basis in the proof for any finding that the defendants had appropriated any trade-mark belonging to the plaintiff, or been guilty of any fraud, misrepresentation, or deception, or had exceeded their legal rights in soliciting custom. The complaint was therefore properly dismissed, and the judgment in favor of the defendants should be affirmed, with costs.