ROBERT T. SANDERS, Appellant, v. FRANK BOND, Respondent.

St. Louis Court of Appeals, December 22, 1891.

Good Will of a Business: RIGHT OF A RETIRING EMPLOYE. TO ADVERTISE HIS PRIOR SERVICE.    In the absence of a prohibitory contract, an employe, who severs his connection with the establishment at which he was employed and engages in business for himself in opposition to his late employer or master, may advertise the fact of his former employment, provided that he does it in such way as not to induce customers or the public to believe that he is carrying on business for the establishment from which he has retired.

Sanders v. Bond.

*Appeal from the St. Louis City Circuit Court.*—Hon.
James E. Withrow, Judge.

Affirmed.

*C. P. & J. D. Johnson,* for appellant.

*Campbell & Ryan,* for respondent.

The defendant had a right to print upon his cards
and to advertise the fact that he was formerly connected
with the New York Dental Rooms, provided he did
not do so in a manner calculated to deceive the public.
*Glenny v. Smith,* 13 Law Times, p. 11, *et seq.; Boswell
v. Mathie,* 11 Session Cases (4 Session) 1072–1075;
*Coates v. Halbrook,* 2 Sanf. Ch. 622–625; *Williams v.
Osborne,* 13 Law Times (N. S.) pp. 498–501; *Van Wyck
v. Horowitz,* 46 N. Y.; s. c., 69 Hun, 237; 10 Cent. Law
Jour., pp. 405–424.

Biggs, J.—Plaintiff is a dentist, and has been
engaged in the practice of his profession in the city of
St. Louis since the year 1871. During that time his office
or place of business has been known and designated
as the "New York Dental Rooms." In the case of
*Sanders v. Utt,* 16 Mo. App. 322, this plaintiff sought
to enjoin Dr. Utt from using the trade-name, "New
York Steam Dental Company." The court decided
that the plaintiff had a property right in the use of the
words "New York" in the designation of his dental
rooms or place of business, which could not be interfered
with by his competitors. In the case of *Sanders v.
Jacob,* 20 Mo. App. 96, the plaintiff was again before
this court complaining of an attempt by Jacobs to pirate
or take away his business by designating his (Jacob's)
place of business as the "Newark Dental Rooms." The
injunction against the use of this trade-name was sus-
tained on the grounds, that there was sufficient resem-
blance between this trade-name and that formerly

adopted by Dr. Sanders to raise a probability of mistake by the latter's customers; that the evidence showed that such mistakes did occur, and that Jacobs intended that they should occur. Dr. Sanders is again here, and he seeks in the present action to have the defendant, who is also a practicing dentist in the city of St. Louis, enjoined from advertising by cards and through the newspapers that he was formerly in the employment of the "New York Dental Rooms." Upon a final hearing the temporary injunction was dissolved, and the proceeding dismissed. The plaintiff has appealed.

As to the main facts there is no particular conflict in the evidence. The defendant was employed by the plaintiff for about fifteen or sixteen years. During that time he had been actually engaged in performing work for the plaintiff's customers and acted as chief assistant, and was a skilful dentist. It is not disputed that during this time the plaintiff by his push and judicious advertising had built up a large and lucrative practice, and that his place of business was widely and favorably known as the "New York Dental Rooms." In the early part of the year 1889, the plaintiff moved his office from Washington avenue to the corner of Tenth and Olive streets, and a short time thereafter the defendant quit the plaintiff's service and opened a dental office of his own on the opposite side of the street. It is admitted by the defendant that, when he opened this office, he had printed and circulated business cards, on which were printed in large type his name, and under the name the following: "Dental Rooms, 1004 Olive street, St. Louis." In the lower left-hand corner of the card the following appeared in much smaller type, but could easily be read: "Formerly with New York Dental Rooms." It is of this, the plaintiff complains. The plaintiff also complains of the following newspaper publications:

"Dr. F. H. Bond's
"Dental Rooms,
"1004 Olive Street.

"First class work at the lowest prices.

"For the past fifteen years with the New York Dental Rooms" (the latter clause in smaller type).

Also the following: "Personal,—Dr. F. H. Bond, formerly with the New York Dental Rooms, will open an office at 1004 Olive street about the fifteenth inst." It is admitted by the defendant that he mailed his business cards to about thirty or forty of the plaintiff's customers, with whom he had a personal acquaintance, and that he did this for the purpose of securing their patronage if they preferred him to the plaintiff. But he testified that he did nothing with the intention, or which had the effect, to deceive plaintiff's customers. The plaintiff introduced some evidence tending to show that his business had fallen off since the defendant left him, but he failed to connect this, by any satisfactory proof, with anything done by the defendant, and, in the view we take of the case, even such showing would have made no difference in the result.

The plaintiff's contention is that this evidence supports the averments of his bill to the effect that the defendant advertised in the manner in which he did for the purpose, as alleged, "of drawing from plaintiff the patrons and customers of his said business and practice, * * * and for the purpose of deceiving the public into the belief that he had been one of the proprietors or owners of said business and practice of plaintiff; * * * that, by the use by defendants of the said trade-name of plaintiff as aforesaid, the plaintiff's right to the exclusive use thereof was and is infringed, and the plaintiff has by the defendant been, and is being, defrauded out of the patronage of his said patrons and customers to his great and irreparable injury."

It is very clear that the defendant intended no wrong or injury to the plaintiff in his business, other than

would naturally result from an honest competition. His mode of advertising had no tendency whatever to lead the plaintiff's customers or the general public into the belief that the "New York Dental Rooms" were at 1004 Olive street; neither did it have any tendency to lead anyone of the least intelligence to believe that the defendant had been one of the proprietors or owners of the plaintiff's business. The very contrary is to be inferred. But the plaintiff's argument is that his interest in his trade-name is property; that it was unlawful for the defendant to make use of it in any manner whatever; and that a court of equity ought to restrain the defendant in its use, whether his intentions were good or bad, or whether the public or the plaintiff's customers were in any way deceived or not.

It is a well-recognized equitable principle that no one will be enjoined from telling the truth, provided he tells it honestly; that is, in a manner not calculated to deceive the public. *Canal Co. v. Clark*, 80 U. S. 327; *American Brewing Co. v. Brewing Co.*, decided by us at the present term. When the defendant advertised that he had been with the "New York Dental Rooms" for fifteen years, he but spoke the truth, and his advertisements show that he spoke it honestly. Hence the judgment of the circuit court must be affirmed, unless we determine that the defendant had no legal right to advertise in the manner in which he did, or, in other words, that the printing on the defendant's business cards that he had formerly been with the "New York Dental Rooms," was a *fraudulent, and unlawful* use of the plaintiff's trade-name.

The adjudications to which our attention has been called decide that an employe or a retiring partner may, in the absence of prohibitory contracts, engage in the same line of business, and is at liberty to advertise his former connection with the old business, provided he does it in such a way as not to induce customers or the public to believe that he is carrying on business for the old concern.

In *Glenny v. Smith*, 13 Law. Times, 11, the vice-chancellor stated it as a correct legal proposition that, "if a person has been in the employ of a firm of reputation, and sets up for himself, he has a right in any way he thinks fit (provided it is entirely consistent with truthfulness), to communicate to every member of the public that he has had the advantage of being in such service and may appropriate to himself some of the benefits arising from the character and reputation of his late employers. But it is obvious that it behooves him in so doing to take special care that it is done in such a manner as not to deceive the public."

In *Boswell v. Mathie*, 11 Session Cases (fourth series) 1072, the defendant represented and advertised herself as "late manager of Boswell." On the blinds of the front window the respondent had her name printed, adding below it, "From Boswell." She pulled up the blind so as to exhibit none of the inscription except the word "Boswell." The chancellor, after fully approving the law as declared in *Glenny v. Smith*, *supra*, decided that the respondent should be enjoined from advertising herself as "late manager of Boswell," for the reason that it was untrue. The restraining order, for very obvious reasons, was also extended to the window blind.

The rule stated in *Glenny v. Smith* is also to be found in the case of *Leather Cloth Co. v. American Leather Cloth Co.*, 1 H. & M. 271, where certain persons who had formerly been in the employment of one Crockett were held to be justified in styling themselves, "Late with Crockett."

In *Partridge v. Menck*, 2 Sandf. Ch. 622, the respondent had been employed as a chemist by A. Golsh, a manufacturer of matches. He quit the employment and commenced the manufacture of matches on his own account. The label on the matches thus manufactured contained his name as "Late chemist for A. Golsh." He was sought to be restrained or enjoined in the use of

these words. The court held that the representation was true, and that he had a right to avail himself of the advantages of his former employment in a way not calculated to deceive the public and that the use of the words, in that case, was not liable to mislead anyone, although they were in small type.

The recent case of *Ward & Co. v. Ward*, 15 N. Y. Supp. 913, was quite similar in its main facts to the one at bar. One of the respondents, William H. Ward, was the son of Marcus Ward, the senior member in the plaintiff's firm. William had been connected with the firm, but on account of some disagreement he withdrew and started in business on his own account. He advertised as "Son of Marcus Ward," and as "Late of the firm of Marcus Ward & Co." The supreme court of New York held that in doing so he was guilty of doing no wrong ; that he merely stated the truth, and did it in such a way as to mislead no one. He also solicited business from the plaintiff's customers. In reference to this the court said : " It was formerly held in England that, although the vendor of the good will of a business might, in the absence of an express agreement to the contrary, carry on the same business wherever he pleased, and solicit customers in any public manner, he could not lawfully apply to any of the customers of the old business, asking them to continue their custom with him rather than deal with the vendees. *Labouchere v. Dawson*, L. R. 13 Eq. 322. This doctrine, however, no longer prevails. It was declared to be incorrect by a majority of the court of appeals in *Pearson v. Pearson*, 27 Ch. Div. 145, and was rejected as no longer the law by Mr. Justice STERLING in the later case of *Vernon v. Hallam*, 34 Ch. Div. 748."

We also find the law of *Glenny v. Smith, supra*, followed in *Van Wyck v. Horowitz*, 39 Hun ( N. Y.) 237 ; 10 Cent. Law Jour. 405 ; *Hart v. Colley*, 59 Law Jour. ( Ch.) 355.

In all the cases cited, as we read and understand them, the right of a person to the use of his trade-name is to be considered as a property right, and it cannot be infringed without the owner's consent. On this question they are in no way opposed to the cases relied on by the plaintiff. *Schneider v. Williams*, 44 N. J. Eq. Rep. 391; *Heir v. Abrahams*, 82 N. Y. 519 ; *Morgan v. Wendover*, 43 Fed. Rep. 420 ; Browne on Trade Marks [ 2 Ed.] sec. 393. All of the reported cases, where the matter here in dispute was in judgment, authorizes the conclusion that the defendant's advertisement was not, under the circumstances, a use of the plaintiff's trade-name, or at least not such a use as would come within the cognizance of the law.

We are of the opinion that the judgment of the circuit court ought to be affirmed. ' All the judges concurring, it will be so ordered.