[Civ. No. 3485. First Appellate District, Division Two.—September 29, 1920.]

## BERNARD KATSCHINSKI, Appellant, v. JOHN J. KELLER et al., Respondents.

[1] TRADEMARK—GEOGRAPHICAL NAME.—When a geographical name is not used in a geographical sense, but is used in a fictitious sense merely to indicate ownership, independent of location, it may be a good trademark or trade name.

[2] APPEAL—FINDING ON MATERIAL ISSUE—LACK OF JURISDICTION.—An appellate court is not warranted in making a finding on a material issue, although the evidence is clear and undisputed.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

Norman A. Eisner for Appellant.

E. A. Williams and C. K. Bonestell for Respondents.

NOURSE, J.—Plaintiff and appellant, doing business under the name and style of "Philadelphia Shoe Company," with its principal place of business in San Francisco, commenced this action to restrain defendants from conducting the same line of business in the city of Fresno under the name of "Philadelphia Shoe Store." Two causes of action were included in the complaint, the first based upon plaintiff's exclusive state ownership of the name by virtue of his continuous use thereof since 1881 and his registration of the trade name with the Secretary of State pursuant to section 3197 of the Political Code, and the second based on the common-law right of protection against unfair trade and competition. Judgment was given in favor of defendants, from which plaintiff has appealed on the ground that the evidence does not support the findings made by the trial court.

1. Use of geographical name as trademark or trade name, notes, 85 Am. St. Rep. 83; 10 Ann. Cas. 71; Ann. Cas. 1915A, 543.

The allegations of the first cause of action found to be true by the court are, generally, that in 1881 plaintiff commenced doing business as a dealer in boots and shoes in the state of California, with his principal place of business in the city and county of San Francisco, under the name of "Philadelphia Shoe Company," and adopted said name as a trade name in his said business; that ever since said date he has conducted and is now conducting his said business under said trade name; that on the twelfth day of July, 1900, and before the filing of said trade name by any other person, plaintiff filed with the Secretary of State his claim to said name pursuant to section 3197 of the Political Code; that the name "Philadelphia" as adopted and used by plaintiff in connection with said business was and is a purely arbitrary and fanciful designation for the purpose of identifying and distinguishing the business of plaintiff, and has not been used for the purpose of indicating a particular locality as in any way connected with the business or the place where the business is carried on.

The findings of the trial court as to the first cause of action adverse to plaintiff are that the defendants have never at any time done business, nor are they now doing business, in the name and style of "Philadelphia Shoe Store," and that plaintiff has never demanded of defendants that they desist from using the name "Philadelphia Shoe Store." That these findings are not supported by the evidence is too plain to be questioned, and this, apparently, is conceded by counsel for respondents, as they have made no attempt in their brief to sustain the findings. At the trial the defendants offered no evidence on any branch of the case. The evidence produced by plaintiff showed conclusively that defendants for a long time prior to the time of the commencement of the action had been doing business in the city of Fresno under the name of "Philadelphia Shoe Store"; that their checks were signed in that manner; that their stationery contained the same designation, and it is argued that their certificate of copartnership under which they were doing business carried the name "Philadelphia Shoe Store." There was not a particle of evidence controverting this showing, and, in fact, the court found in relation to the second cause of action "that defendants are copartners doing business in the city of Fresno, county of Fresno, state of California, under

the name and style of Philadelphia Shoe Store.'' As to the
finding with reference to plaintiff's demand of defendants
that they .desist from using the name ''Philadelphia Shoe
Store,'' the only evidence of any nature upon this branch
of the case was to the effect that such demand had been
made. Furthermore, demand was admitted by defendants'
failure to deny the allegations of the complaint relating
thereto.

As to the second cause of action, the court found that the
defendants were copartners doing business in the city of
Fresno under the name and style of ''Philadelphia Shoe
Store,'' and followed this immediately with a finding that
they were not doing so. The evidence upon which this latter
finding is based being the same as that hereinbefore referred
to in relation to the first cause of action, the error of the
finding is apparent.

Objection is also made to other findings of the trial court
relating to the second cause of action, but it will serve no
purpose to discuss them here, inasmuch as from what has
heretofore been said it is apparent the judgment must be
reversed, and it is unlikely that the same errors will again
occur.

[1] Respondents rest their case on this appeal upon the
argument that the word ''Philadelphia'' being a geographi-
cal name, is one which cannot be exclusively appropriated by
appellant. The argument is unsound. The allegations of
the complaint, the evidence offered at the trial, and the find-
ing of the trial court, all show that the word ''Philadelphia''
was used by both parties as a purely arbitrary and fanci-
ful name for the purpose of distinguishing and identifying
the business, and not in any way in a geographical sense.
When a geographical name is not used in a geographi-
cal sense, but is used in a fictitious sense merely to indicate
ownership, independent of location, it may be a good trade-
mark or. trade name. (*Drake Medicine Co.* v. *Glessner,* 68
Ohio St. 337, [67 N. E. 722, 727]; *Sanders* v. *Utt,* 16 Mo.
App. 322, 326.)

Appellant insists that this court should direct judgment
in his favor because the evidence upon which the adverse
findings are based is so clear and undisputed that the find-
ings must be disregarded as nugatory. It is true that as to
the finding of failure to make demand the allegations of

appellant's complaint were admitted by the failure of re-
spondents to deny them, and the adverse finding should be
disregarded. But as to the use of the name "Philadelphia
Shoe Store," the admissions in the pleadings are not suf-
ficient to relieve the court of a finding upon that issue. [2]
The evidence is clear and undisputed, but this does not war-
rant this court in making a finding thereon. That duty
rests solely with the trial court. It is argued that counsel
for respondents admitted during the course of the trial that
they were doing business under that name, and a portion
of the record is quoted in appellant's brief to support that
argument. Reference to the record discloses that the admis-
sion made by counsel for respondents did not go to the ex-
tent claimed by appellant. During the course of the trial
appellant offered in evidence the certificate of copartnership
of respondents as indicating that they were doing business
under the name of "Philadelphia Shoe Store." The court
asked if it would be admitted and counsel for respondents
answered in the affirmative. It was then stated by appel-
lant's counsel: "They admit now that they are doing busi-
ness now under the name of Philadelphia Shoe Store"; to
which counsel for respondents replied: "The admission is in
the record. We are not making any admission now. Your
allegation in the complaint is not denied." To which coun-
sel for appellant replied: "I understood you did deny it.
You allege in your answer that you are not doing business
under the name of Philadelphia Shoe Store, but under
the name of Philadelphia Shoe Store of Fresno. I am offer-
ing this to prove that you are doing business without any
appendage to it, but just Philadelphia Shoe Store. If you
make an admission to that effect, I don't need to make
proof; if it is not, I will prove it. I will offer the certifi-
cate." To which respondents made no objection and stipu-
lated that the certificate be read. It is not made a part of
the record and it is now impossible to determine its con-
tents. Upon this state of the record the court cannot say
that the admission was so clear and definite as to relieve
the court of making any finding thereon.

For the reasons given the judgment is reversed.

Brittain, J., and Langdon, P. J., concurred.