**In re CALIFORNIA PERFUME CO., Inc.**
Patent Appeal No. 2926.

Court of Customs and Patent Appeals.
March 28, 1932.

Henry G. Hunt, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Applicant's application for registration of its alleged trade-mark "Avon," as applied to toothbrushes, was, by the Commissioner of Patents, denied on the ground that the term was geographical.

Upon appeal to this court, appellant contends that its mark is not *merely* geographical, and is not, therefore, barred from registration by the following provision in section 5 of the Trade-mark Act of February 20, 1905 (33 Stat. 725, 15 USCA § 85): "* * * That no mark * * * merely a geographical name or term, shall be registered under the terms of this Act."

Appellant relies upon In re Plymouth Motor Corp., 46 F.(2d) 211, 18 C. C. P. A. 838, as supporting its contention that the term "Avon" is not merely geographical within the meaning of the statute. It points out various dictionary and encyclopædia definitions of the word "Avon," and cites various uses of the term in standard literature.

As we understand appellant's position, it is that "Avon" is the name of various towns in at least three states of the United States, and that to this extent the term is geographical, but that it is not *merely* geographical, since it is the name also of a river in the midland country of England upon which William Shakespeare lived, and that the name suggests Shakespeare. It was also argued orally by appellant that "Avon" means river —any river. Appellant points out that in Ex parte Manogue-Pidgeon Iron Co., 97 O. G. 2084, 1901 C. D. 214, it was held that the word "delta," although the name of counties in Michigan and Texas, as well as the name of numerous small towns, was a valid trademark for articles because its significance as

a letter of the Greek alphabet, and, as a general term applied to the mouths of some rivers, was superior to its geographical meaning. Other authorities are cited to which we deem reference unnecessary.

In In re Plymouth Motor Corp., supra, this court held the words "Chrysler Plymouth," as applied to automobiles, to be registrable and not to be merely geographical. The conclusion in the case was reached upon the theory that, while Plymouth is the name of towns in England, Massachusetts, and elsewhere, the term as a whole is not merely geographical. In that case it was also contended that the word "Plymouth" had acquired a secondary meaning suggestive of certain traits of character of the Pilgrims, such as endurance, strength, enterprise, honesty, etc. We held there that the term "merely," as used in the statute, must be given its ordinary meaning, and that, when a term acquires a secondary meaning, it is not *"merely* geographic, or solely geographic, or only geographic." (Italics quoted.) We therein cited the cases of Katschinski v. Keller et al., 49 Cal. App. 406, 193 P. 587, involving the trade-mark "Philadelphia Shoe Store," and Ex parte Jewell Belting Co., 110 O. G. 309, 1904 C. D. 150, involving the trade-mark "Gibraltar."

Appellant has called our attention to no meaning of the word "Avon" other than one which is merely geographical. The name of a river is geographical. "Geographical" is defined as "of or pertaining to geography." Geography relates to towns, countries and subdivisions thereof, mountains, valleys, rivers, etc., the names of which suggest fixed locations. Webster's New International Dictionary (1932). If "Avon" were a term which described all rivers, which it is not, appellant's cited authority Manogue-Pidgeon Iron Co., supra, involving the trade-mark "delta," would be more in point.

In Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 152, 37 L. Ed. 1144, the Supreme Court of the United States held the trade-mark "Columbia" to be invalid. Columbia is the name of a river and the name of a town. One of the grounds upon which the court held the mark to be invalid was that it did not indicate origin but indicated location only. The Supreme Court said that "the word or words, in common use as designating locality, or section of a country, cannot be appropriated by any one as his exclusive trade-mark."

The decision of the Commissioner of Patents is affirmed.

Affirmed.