[Civ. No. 10854.   Second Appellate District, Division Two.—March 12, 1936.]

THE HOOVER COMPANY (a Corporation), Appellant, v. SAMUEL GROGER et al., Respondents.

Jerome H. Kann for Appellant.

No appearance for Respondents.

WOOD, J.—Plaintiff seeks to enjoin the publication of the names of certain defendants in that part of the telephone directory of defendant Southern California Telephone Company, commonly known as the classified business directory in such a manner as to mislead the public concerning plaintiff's business. The appeal is taken by plaintiff from a judgment in favor of defendants. No brief has been filed in this court by any of the defendants.

The plaintiff, under the names, "THE HOOVER COMPANY" and "HOOVER SUCTION SWEEPER COMPANY" is and for many years has been engaged in the business of manufacturing vacuum cleaners and maintaining repair stations in the city of Los Angeles and elsewhere throughout the nation. Plaintiff's repair stations and branch offices have for a long period of time used the words "Hoover Vacuum Cleaner Repairing" in connection with their business. The business of plaintiff has become extensive and profitable and the name "Hoover" has become well known to the public. Defendant telephone company publishes periodically in the city of Los Angeles a classified business directory arranged alphabetically in connection with its general telephone directory and has published therein in large and conspicuous type the words "HOOVER VACUUM CLEANER REPAIRING". Under these words appear in much smaller type, also alphabetically arranged, the names of the seventeen defendants other than the telephone company, together with the addresses and telephone numbers of said defendants, the first being "Ace Reliance Electric Service Co." and the last being, "Westlake Vacuum Cleaner Store". The words "HOOVER VACUUM CLEANER REPAIRING" appear

above each of the names of the said seventeen defendants. In several instances the words "Hoover Vacuum Cleaner Repairing" appear in type of the same size as that in which the names of the defendants appear. It is alleged in the complaint that the defendant telephone company is about to again publish the same list in a manner similar to the former publication and that the defendants other than the telephone company, who have no connection with plaintiff, have caused the list to be printed as above indicated with intent to deceive the public and secure for themselves business which otherwise would and should come to plaintiff by misleading the public into believing that the advertisement in question emanated from plaintiff and that said defendants are the authorized agents of plaintiff.

It is the policy of the law to protect the business of the first person to enter the field doing business under a given name to the extent necessary to prevent fraud upon his business and upon the public. (*Benioff* v. *Benioff*, 64 Cal. App. 745 [222 Pac. 835] ; *Yellow Cab Co. of San Diego*, v. *Sachs*, 191 Cal. 238 [216 Pac. 33, 28 A. L. R. 105].) A second to enter the field may be enjoined from the improper use of the name established by the first to enter the field. (*Morton* v. *Morton*, 148 Cal. 142 [82 Pac. 664, 1 L. R. A. (N. S.) 660].) It is not necessary for the plaintiff to prove fraudulent intent. The defendants may be enjoined if the natural consequence of their conduct is such as to cause deception. (*Dodge Stationery Co.* v. *Dodge*, 145 Cal. 380 [78 Pac. 879] ; 24 Cal. Jur. 630.) Neither is it necessary for the plaintiff to prove that anyone has actually been confused by the advertisement. (*Schwarz* v. *Schwarz*, 93 Cal. App. 252 [269 Pac. 755] ; *Sun-Maid Raisin Growers* v. *Mosesian*, 84 Cal. App. 485 [258 Pac. 630].)

A name long used by a business firm becomes an asset of the business and a party may not use that name in his advertisement in such a manner as to confuse the public to the disadvantage of the firm first using the name. Defendants list their own names in the directory under a general heading using conspicuously the name "Hoover", a name they were not entitled to use and one which only the plaintiff was authorized to use. The name "Hoover" was used in such a manner as to publicize the business of plaintiff's competitors and to lead the public to believe that the seventeen

defendants referred to were duly authorized agents of plaintiff and naturally could be expected to render the quality of service generally rendered by plaintiff. It is stated by Nims in his work on Unfair Competition and Trade Marks, third edition, page 53: "Advertisements stating or suggesting that the one advertising possesses the good will of one well known in business, when such is not the fact, constitute unfair competition." In *Menendez* v. *Holt*, 128 U. S. 514, 524 [9 Sup. Ct. 143, 32 L. Ed. 526], the plaintiff was the owner of a trade name, "La Favorita". The defendant used this name and used his own name in connection therewith. The court stated: "Holt & Co., then, having acquired the exclusive right to the words, 'La Favorita' as applied to this particular vendible commodity, it is no answer to their action to say that there was no invasion of that right because the name of S. O. Ryder accompanied the brand upon flour sold by appellants, instead of the name of Holt & Co. That is an aggravation and not a justification for it is openly trading in the name of another upon the reputation acquired by the device of the true proprietor."

The defendants are without right to list the various names in the classified directory in the manner indicated.

The judgment is reversed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.