[Civ. No. 5774. Third Appellate District.—February 15, 1937.]

HARRY ROSENTHAL, Respondent, v. BRASLEY–KRIEGER SHOE COMPANY, LTD., (a Corporation), Appellant.

Oscar Richard Cummins and Harry C. Cogen for Appellant.

Calvin H. Conron, Jr., for Respondent.

PLUMMER, J.—In this action a decree and judgment was entered restraining and prohibiting the appellant from using the name "Family Shoe Store", or any combination or group of words closely resembling the same. The action is based upon the alleged threatened unfair practices on the part of the appellant. From the judgment entered in the action this appeal is prosecuted.

An examination of the record discloses that for many years the plaintiff had been conducting a shoe store and using the trade name of "Family Shoe Store" since the year 1920, down to the date of the trial. At times "The" appears to have preceded the use of the words "Family Shoe Store", making the trade name read, "The Family Shoe Store".

The exhibits set forth in the transcript show that in the signs employed by the plaintiff the word "Rosenthal's" appears at the top of the sign in small letters, and immediately below were the words "Family Shoe Store". In the daytime the word "Rosenthal's" could be easily seen; at nighttime the words "Family Shoe Store", being in "Neon", only were visible.

During the time mentioned "Rosenthal's Family Shoe Store" was the only business house of that kind in the county of Kern, and the only one using that name. Prior to the beginning of this action the appellant acquired a business place in Bakersfield in the county of Kern, a short distance from the plaintiff's place of business, and posted in front of its store prior to opening a sign reading as follows: "Kirby's Family Shoe Store. Open Here Soon. Watch For It."

After this sign had been posted by the appellant numerous inquiries were made to the plaintiff as to whether the plaintiff was moving his place of business, or was establishing a branch store. We may here state that the word "The" in front of "Family Shoe Store", used by the plaintiff, was dropped from the sign as early as 1926, and thereafter appeared only as "Rosenthal's Family Shoe Store".

The record also shows that the appellant, when installing merchandise in its store, had printed on its shoe boxes the

words "Family Shoe Store" underneath the word "Kirby's". After the appellant had opened its store it appears that a limited number of customers entered the store under the impression that they were patronizing a store conducted by the plaintiff.

This action is prosecuted not on account of the damages already sustained, but upon the threatened injury to the plaintiff's business, being based upon the rule found in 32 C. J., page 42, paragraph 21, showing that injunction will lie where irreparable injury is threatened, and that it is not necessary for the injured party to wait until the threatened injury has been consummated before prosecuting an action and seeking injunctive relief, the requirement under such circumstances being that there is reasonable probability of injury being suffered by reason of the acts of the defendant.

In the case at bar we think the evidence just referred to sufficiently establishes the fact that the acts of the appellant were well calculated to improperly take away the business theretofore conducted by the plaintiff, and also to take advantage of the fact that the words "Family Shoe Store", as used by the plaintiff, had come to signify to many customers a definite location and place where they could receive fair treatment and find goods that might be suited to any member of a family.

The first question to be determined is whether the word "Family" is of such common usage as to prevent its being appropriated by anyone as a trade name, the contention of the appellant being that the word "Family" is generic, and therefore cannot be appropriated for use as a trade name by anyone in advertising his business. However, we are of the opinion that the word "Family" as used in the phrase "Family Shoe Store", is not used in any generic sense. Somewhat analogous to this question is the case of *Katschinski* v. *Keller*, 49 Cal. App. 406 [193 Pac. 587], where the contention was made that the word "Philadelphia" as it appeared in a trade name reading "Philadelphia Shoe Company" was the appropriation of a common geographical name, and therefore cannot be appropriated by anyone as a trade name. In that case, while it was admitted of course that the word "Philadelphia" was in common use, a shoe store conducted in Fresno under the name of "Philadelphia Shoe Company" was not such a use of a geographical name as

to preclude one acquiring a property right therein, and likewise the exclusive use thereof in advertising his place of business.

. In the instant case the word "Family" used in connection with the words "Shoe Store" is intended to signify and give notice to the public that the shoe store in question carries shoes suitable for men, women and children, and does not refer to any particular family, nor is it used in a generic sense as to any body of people living together in any particular residence.

A number of cases have been cited by the appellant where trade names, and especially emblems, have been held such as not to entitle the plaintiff to a decree awarding an injunction.

The appellant calls our attention to the case of *American Automobile Assn.* v. *American Automobile Owners Assn.*, 216 Cal. 125 [13 Pac. (2d) 707, 83 A. L. R. 699]. While the discussion of the opinion in that case is such as to lead to the conclusion that the difference in the names might be readily distinguished, an injunction was in fact issued restraining the defendant from using an emblem so nearly resembling the emblem used by the plaintiff as to be well calculated to deceive.

The case of *Southern California Fish Co.* v. *White Star Canning Co.*, 45 Cal. App. 426 [187 Pac. 981], does not involve any trespass by the defendant upon the trade name of the plaintiff. The only question presented was as to whether the signs on the goods packed by the respective parties were such as to mislead, and the court held that anyone exercising ordinary care would not be misled.

A case which is strikingly similar to the one at bar, and supporting, we believe, the judgment entered by the trial court, is that of *Woodward* v. *Lazar*, 21 Cal. 448 [82 Am. Dec. 751], where for a number of years the proprietor of an hotel had conducted business under the trade name of "What Cheer House". On account of some trouble relative to the continuation of a lease the proprietor of the hotel took an adjoining building and continued business under the same name. Thereafter a lessor of the first premises began conducting a similar business under the name of "Original What Cheer House". An injunction was granted. Likewise, in the case of *Benioff* v. *Benioff*, 64 Cal. App. 745 [222 Pac. 835], where one defendant conducted his business under the trade name.

of Hudson Bay Fur Company. An injunction was issued restraining the defendant from using the same name. Hudson Bay, of course, is geographical in its ordinary application, but as applied to a fur company, of course it had no such implication.

An early case is that of *Weinstock-Lubin & Co.* v. *Marks,* 109 Cal. 529 [42 Pac. 142, 50 Am. St. Rep. 57, 30 L. R. A. 182], where the plaintiff had operated its store under the fictitious name of "Mechanics' Store". The defendant proceeded to open a store close by, adopting the trade name of "Mechanical Store". An injunction restraining the use of the latter name was issued.

The recent case of *Carolina Pines* v. *Catalina Pines,* 128 Cal. App. 84 [16 Pac. (2d) 781], is directly in point. There, the plaintiff had conducted a place of business for many years under the name of "Carolina Pines", and installed within the building where the business as a restaurant was conducted, such articles as might represent vistas of pines, and upon the menu cards, designs of pine trees and other articles to carry out the idea of patrons being in such a locality while dining. The defendant in the action arranged the interior of its premises somewhat similarly, but used the name "Catalina" instead of "Carolina". The court held that the plaintiff should be awarded an injunction, and that the name and manner of conducting business by the defendant so nearly paralleled that of the plaintiff as to come within the range of an unfair practice, which of course a court of equity would prohibit.

In the case at bar the shoe boxes and the slips which were given to customers bore the name "Family Shoe Store". That such simulation by the appellant of the plaintiff's business was calculated to deceive, is such that we think the trial court was justified in issuing a prohibitory injunction.

The judgment is therefore affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 17, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1937.