[Civ. No. 15690.   Second Dist., Div. One.   May 8, 1947.]

PHYSICIANS ELECTRIC SERVICE CORP. (a Corporation), Respondent, v. IRVING ADAMS et al., Appellants.

William Katz for Appellants.

Clifford Thoms and Robert P. Dockeray for Respondent.

DRAPEAU, J. pro tem.—Physician's Electric Service Corporation, a California corporation, was granted an injunction forbidding a copartnership to use the fictitious name Physician's Electronic Service.   Testimony before the trial court shows that the plaintiff has used its name, either as a fictitious name or as a corporation since 1928.   The business consists in selling to physicians, and servicing, electrically operated

machines used in the treatment of diseases, such as lamps for heating purposes, and machines using tubes to change electric energy into short wave radio impulses. The defendants started their business and adopted their name in 1945.

The words "electric" and "electronic" are not synonymous. Such machines as use tubes are known as radionic machines. But both types of machines use electric energy derived either from plugging into public utilities electrical circuits or from electric energy storage batteries.

The principal business of both plaintiff and defendants consists of the servicing of these machines. Defendants contend that they service only the types using tubes, and are therefore strictly radionic, and that their name as such does not infringe upon business rights of plaintiff.

The rule in California is well settled. In the early case of *Weinstock, Lubin & Co.* v. *Marks* (1895), 109 Cal. 529, 536 [42 P. 142, 50 Am.St.Rep. 57, 30 L.R.A. 182], it is stated: ". . . the principle upon which the cases on this subject proceed is not that there is property in the word, but that it is fraud on a person who has established a trade and carried it on under a given name, that some other person should assume the same name, or the same name with a slight alteration, in such a way as to induce persons to deal with him in the belief that they are dealing with the person who has given a reputation to the name."

In *Rosenthal* v. *Brasley etc. Co.* (1937), 19 Cal.App.2d 257 [64 P.2d 1109], it was held that a defendant who named a business "Family Shoe Store," adding his own name to the front of it, could be enjoined when there had been in existence the same business with the same name but with a different first name, i. e. "Rosenthal's Family Shoe Store." It is sufficient to enjoin the use of such names by competing businesses if the imitation name tends to deceive customers and injures plaintiff's business.

For other cases involving the application of the rule see: *Carolina Pines* v. *Catalina Pines* (1932), 128 Cal.App. 84 [16 P.2d 781]; *Hoover Co.* v. *Groger* (1936), 12 Cal.App.2d 417 [55 P.2d 529]; *Hoyt Heater Co.* v. *Hoyt* (1945), 68 Cal. App.2d 523 [157 P.2d 657], and *California Prune etc. Assn.* v. *H. R. Nicholson Co.* (1945), 69 Cal.App.2d 207 [158 P.2d 764].

▇ Appellants urge error in the admission and exclusion of evidence: (a) A witness for the plaintiff was permitted

to read from a pamphlet over the objection of the defendants. (b) The court sustained objection to evidence showing the volume of business of plaintiff. (c) The court denied a motion to strike a contract from the record, which it developed during the trial, was not in use during the time defendants were operating their business. (d) The court sustained objection to a question whether or not the plaintiff's business with the general public was a substantial part of that business.

Assuming that the rulings were erroneous, a review of the record as a whole discloses that no prejudice resulted to the defendants which would be grounds for a reversal of the judgment. (5 C.J.S. 931; *Larson* v. *Blue & White Cab Co.,* 24 Cal.App.2d 576 [75 P.2d 612] ; *Townsend* v. *Perry,* 43 Cal. App.2d 380 [110 P.2d 1019].)

The contents of the pamphlet which were read to the witness as part of the questions of plaintiff's counsel appears in the testimony of other witnesses; the volume of business transacted by plaintiff was not essential to prove the ultimate facts found by the trial court; no prejudice resulted to the defendants from the refusal of the court to strike from the record the contract in question; and the evidence established that the business both of plaintiff and defendants was with members of the medical profession.

▮ The trial court heard the evidence in the case and rendered its decision enjoining defendants from using the trade name. There is substantial evidence to support the finding that the defendants' name tended to deceive customers and injure plaintiff's business. This court is therefore without power to reverse the judgment.

The judgment is affirmed.

York, P. J., and White, J., concurred.