[Civ. No. 15841.   Second Dist., Div. One.   July 30, 1947.]

CHARLES H. WATTS, Appellant, v. HOLLYWOOD BOULEVARD TRAVEL SERVICE, INC. (a Corporation) et al., Respondents.

Mindlin & Levy for Appellant.

Tudor Gairdner for Respondents.

DORAN, J.—This is an appeal from an order denying issuance of a preliminary injunction pending trial on the merits.

The complaint alleges that plaintiff had been doing business under the name of Boulevard Travel Service since July 2, 1945, with its principal place of business located at 6634 Hollywood Boulevard; other incidental and material facts are also alleged.  It is further alleged that "on or about October 1, 1946, defendants, other than the corporate defendants, having full knowledge of the foregoing facts, undertook and commenced a travel service business similar in all respects to the business heretofore conducted and now conducted by plaintiff, except as to the theatre and amusement admission and ticket phase of plaintiff's business; that said defendants adopted the name 'Hollywood Boulevard Travel Service' and opened a place of business under said name at 6735 Hollywood Boulevard, Hollywood 28, California; that immediately upon commencement of said business by said defendants, plaintiff notified said defendants that by reason of his prior adoption of said trade name of 'Boulevard Travel Service' and his prior use of said name in his business, plaintiff had acquired the right to the use of said name and requested said defendants to refrain from

the use of the name 'Hollywood Boulevard Travel Service' in connection with their business for the reason that the similarity of names had, and would in the future, lead to confusion; that said individual defendants refused to refrain from the use of said trade name. . . .'' The action seeks to enjoin the use of the name adopted by defendants. The foregoing is a brief outline of the pleadings.

It is contended on appeal that the court's refusal to grant a preliminary injunction following the hearing on an order to show cause constituted an abuse of discretion. It should be emphasized at the outset that a trial on the merits is still pending. The trial court merely denied the injunction pendente lite. Although at the time of the hearing defendant's answer had not been filed, the motion was resisted and so far as the record discloses the action will be tried on the merits.

Of the cases relied on by appellant, most of them are concerned with appeals following a trial on the issues and not, as in the within appeal, from an order refusing to grant an injunction pendente lite. *Carolina Pines, Inc.* v. *Catalina Pines,* 128 Cal.App. 84, 89 [16 P.2d 781] differs in this regard. In the latter case the court noted that, ''A temporary injunction is proper where 'It appears from positive averments that respondent was first in time in business and first in the selection of a combination of words as a designation of a business which he had established and conducted some six or seven years before appellants entered the field, and which business was extensive and to the development of which respondent had expended much time and devoted energy and doubtless some skill.' '' But it does not follow that if the court even in that case had denied the petition for a preliminary injunction, such denial would have amounted to an abuse of discretion. It cannot be assumed, nor should it be assumed, that the court's action in the first instance, in such circumstances, suggests the ultimate outcome of a trial on the merits. On the contrary, in that regard it is of no significance. In the final analysis the record reveals one of those cases where the court's action one way or the other would not have constituted an abuse of discretion. In such circumstances appellant's contention cannot be upheld.

For the foregoing reasons the order is affirmed.

York, P. J., and White, J., concurred.