[Civ. No. 6364. Fourth Dist. Jan. 20, 1961.]

GEORGE W. HAIR, Respondent, v. THOMAS P. McGUIRE et al., Appellants.

Josephine Baker for Appellants.

Thurman Arnold, Jr., for Respondent.

352

COUGHLIN, J.—This is an appeal from a judgment restraining the use of a business name composed of a trade and a geographical designation, viz., "Credit Bureau of Palm Springs." The issues on appeal are numerous and involve a consideration of the sufficiency of the evidence to sustain the findings, the sufficiency of the complaint, the proprietary nature of such a name, the extent to which the pretrial order controls a disposition of the issues before the court, the effect of an alleged transfer of the offending business to a corporation pending trial, and alleged errors in admission of evidence.

The trial court found that, commencing in May 1955 the plaintiff, who is the respondent herein, established and ever since that time has conducted a credit reporting and collection business in the City of Palm Springs, under the names of "Credit Bureau of Palm Springs" and "Credit Bureau of Palm Springs and Coachella Valley." The evidence shows that the plaintiff filed a notice of doing business under the fictitious name of "Credit Bureau of Palm Springs and Coachella Valley"; however, as found by the court, the business was known to the general public as "Credit Bureau of Palm Springs." It thus appears that the combined trade and geographical name took on a secondary meaning; identified the plaintiff's business; and, as found by the court, during the years following May 1955 the public had come to associate the name in question with the plaintiff's business. The court also found that the defendants McGuire and Baker, who are the appellants herein, in April 1958 commenced doing a credit reporting business in Palm Springs under the name of "Credit Bureau of Palm Springs"; that they had not previously conducted such a business in Palm Springs; that they are now in competition with the plaintiff; and that their use of the name "Credit Bureau of Palm Springs" "was and is likely to deceive and confuse the general public and, in fact, at least a part of the general public has actually been deceived and confused by said use."

"Generic terms and words descriptive of place are not subject to exclusive appropriation." (*Academy of Motion Picture Arts & Sciences* v. *Benson*, 15 Cal.2d 685, 688 [104 P.2d 650]; *American Automobile Assn.* v. *American Automobile Owners Assn.*, 216 Cal. 125, 131 [13 P.2d 707]; *Dunston* v. *Los Angeles Van & Storage Co.*, 165 Cal. 89, 94 [131 P. 115].)

However, such words and terms may be used to identify the business of a particular person and thereby ac-

quire a secondary meaning, in which event their subsequent use in a similar manner by another person which tends to deceive and confuse the public will be enjoined under the law which prohibits unfair competition. (*Jackson* v. *Universal International Pictures, Inc.,* 36 Cal.2d 116, 121 [222 P.2d 433] ; *Academy of Motion Picture Arts & Sciences* v. *Benson, supra,* 15 Cal.2d 685, 689; *Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, 536 [42 P. 142, 30 L.R.A. 182] ; *Family Record Plan, Inc.* v. *Mitchell,* 172 Cal.App.2d 235, 242 [342 P.2d 10] ; *H. Moffat Co.* v. *Koftinow,* 104 Cal.App.2d 560, 565 [232 P.2d 15] ; *Hoover Co.* v. *Groger,* 12 Cal.App.2d 417, 419 [55 P.2d 529].) ▆ The deception and confusion arising from the use of a business name comprised of such words or terms is established by its tendency to identify the business of the subsequent user as that of the prior user. It follows that the prohibition extends not only to the use of identical names but also to those which are sufficiently similar to cause deception and confusion. (*Academy of Motion Picture Arts & Sciences* v. *Benson, supra,* 15 Cal.2d 685, 692; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235; *H. Moffat Co.* v. *Koftinow, supra,* 104 Cal.App.2d 560; *Rosenthal* v. *Brasley-Krieger Shoe Co.,* 19 Cal.App.2d 257 [64 P.2d 1109].) ▆ Proof of actual deception or confusion is not necessary to enjoin the subsequent use. (*Winfield* v. *Charles,* 77 Cal.App.2d 64, 70 [175 P.2d 69] ; *Hoover Co.* v. *Groger, supra,* 12 Cal.App. 2d 417, 419.) Protection is afforded against the probability or likelihood as well as the actuality of deception or confusion. (*American Automobile Assn.* v. *American Automobile Owners Assn., supra,* 216 Cal. 125, 131; *H. Moffat Co.* v. *Koftinow, supra,* 104 Cal.App.2d 560, 565; *Brown* v. *Hook,* 79 Cal.App. 2d 781, 797 [180 P.2d 982] ; *Pohl* v. *Anderson,* 13 Cal.App.2d 241, 242 [56 P.2d 992].) ▆ If the facts support a conclusion that a person of ordinary intelligence could reasonably be deceived or confused, that is all that is required. (*MacSweeney Enterprises, Inc.* v. *Tarantino,* 106 Cal.App.2d 504, 512 [235 P.2d 266] ; *American Distilling Co.* v. *Bellows & Co.,* 102 Cal.App.2d 8, 25 [226 P.2d 751].) ▆ On the other hand, the actual existence of confusion will support a finding that the public is likely to be confused (*Schwartz* v. *Slenderella Systems of Calif., Inc.,* 43 Cal.2d 107, 113 [271 P.2d 857] ; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235, 245) ; as will proof of similarity between the controversial names under consideration. (*Marsalli's Blue Ribbon Coffee Co.* v. *Blue Ribbon Products Co.,* 159 Cal.App.2d 357 [323

P.2d 787]; *H. Moffat Co.* v. *Koftinow, supra,* 104 Cal.App.2d 560; *Physicians Electric Service Corp.* v. *Adams,* 79 Cal.App. 2d 550, 551 [180 P.2d 422]; *Brown* v. *Hook, supra,* 79 Cal. App.2d 781, 796; *Barnes* v. *Cahill,* 56 Cal.App.2d 780, 784 [133 P.2d 433]; *Law* v. *Crist,* 41 Cal.App.2d 862 [107 P.2d 953]; *Rosenthal* v. *Brasley-Krieger Shoe Co., supra,* 19 Cal. App.2d 257.)

▇ Whether words and terms used by an original appropriator have acquired a secondary meaning thereby ordinarily is a question of fact (*Jackson* v. *Universal International Pictures, Inc., supra,* 36 Cal.2d 116, 121; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235, 243; *Johnston* v. *20th Century-Fox Film Corp.,* 82 Cal.App.2d 796, 813 [187 P.2d 474]); as is also the question whether their subsequent use is likely to deceive or confuse the public. (*Schwartz* v. *Slenderella Systems of Calif., Inc., supra,* 43 Cal.2d 107, 112; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235, 245; *Applebaum* v. *Senior,* 154 Cal.App.2d 371, 375 [316 P.2d 410]; *MacSweeney Enterprises, Inc.* v. *Tarantino, supra,* 106 Cal.App.2d 504, 515; *Pohl* v. *Anderson, supra,* 13 Cal.App. 2d 241, 242.)

▇ It is apparent that an application of the foregoing rules to the findings of the trial court, as heretofore noted, supports the judgment enjoining the defendants from using the business name ''Credit Bureau of Palm Springs.''

The attack upon these findings is without merit. ▇ It is the time-honored rule that ''in examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion.'' (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140, 142 [134 P. 1157]; *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]; *Arvin-Kern Co.* v. *B. J. Service, Inc.,* 178 Cal.App.2d 783, 786 [3 Cal.Rptr. 238].) ▇ The defendants' contentions with respect to the questioned findings are based upon their version of the evidence; not upon the trial court's version; the latter is adequately supported by the record; and, under the foregoing rule, must prevail upon appeal. Contrary to the defendants' claim, the fact that the business of the plaintiff involved a collection of debts as well as credit reporting, whereas the defendants' business was restricted to credit reporting, that certain proven instances of confusion involved only the col-

lection business of the plaintiff, and that none of defendants' customers had indicated any belief that they had joined the plaintiff's bureau rather than the defendants' bureau, does not contradict the findings of the court in the premises. There was ample evidence to establish deception and confusion.

The contention that the plaintiff's amended complaint does not state a cause of action, also is without merit. It is claimed that the complaint is defective because it fails to allege an intent to defraud. Such an intent is not now an essential element of a cause of action to obtain injunctive relief under circumstances such as those present in this case. (Civ. Code, § 3369, subds. 2, 3; *Schwartz* v. *Slenderella Systems of Calif., Inc., supra,* 43 Cal.2d 107, 114; *Family Record Plan, Inc.* v. *Mitchell, supra,* 172 Cal.App.2d 235, 245; *Karsh* v. *Haiden,* 120 Cal.App.2d 75, 83 [260 P.2d 633]; *MacSweeney Enterprises, Inc.* v. *Tarantino, supra,* 106 Cal.App.2d 504, 513; *Wood* v. *Peffer,* 55 Cal.App.2d 116, 123 [130 P.2d 220]; *Hoover Co.* v. *Groger, supra,* 12 Cal.App.2d 417, 419.)

The defendants further claim that certain allegations in the amended complaint respecting a prior use of the business name in question foreclose the plaintiff from recovery in this action. In substance, these allegations are: that persons by the name of Griffing had operated a credit reporting business in Palm Springs under the name of "Credit Bureau of Palm Springs," during the period from 1943 to 1951; in the latter year ceased doing any business; have not done any business since that time; but, in 1957, two years after the plaintiff had commenced his business, sold the name "Credit Bureau of Palm Springs" to the defendant Baker. Only the name was sold. The defendants' argument is based upon the contention that the Griffings had a property right in the name "Credit Bureau of Palm Springs" at the time the transfer was made to defendant Baker. As heretofore noted, words descriptive of a trade or place are not subject to exclusive appropriation and their use in a business name will be protected only when they have attained a secondary meaning. (*Academy of Motion Picture Arts & Sciences* v. *Benson, supra,* 15 Cal.2d 685, 688.) Granted the name "Credit Bureau of Palm Springs" may have attained a secondary meaning when used by the Griffings to identify their business, this secondary meaning terminated when their business terminated. The allegations in the amended complaint indicated that the use of the name "Credit Bureau of Palm Springs" to identify a

credit reporting business operated by the Griffings ceased when that business ceased to exist.

The argument advanced by the defendants respecting the insufficiency of the amended complaint upon the aforesaid ground also is advanced in support of their contention that the conclusion of the trial court is contrary to the evidence because the facts respecting the prior use of the name in question are established thereby. The evidence did establish these facts but also showed that there was no credit reporting business of any kind being operated in Palm Springs at the time the plaintiff commenced his operation in 1955; that the business theretofore operated by the Griffings did not then exist in any form; that in 1957, the Griffings were not operating any credit reporting business in Palm Springs; that they then sold the defendant Baker only the name "Credit Bureau of Palm Springs"; that the consideration therefor was $1.00; and that Baker transferred the name to the defendant McGuire. The evidence amply supports the finding of the trial court that the words used in the name "Credit Bureau of Palm Springs" at the present time have a secondary meaning which identifies the plaintiff's business. The plaintiff and the public are entitled to be protected against the deception and confusion which is likely to arise from the use of the same name by defendants.

It is also claimed that the allegations of the amended complaint establish as a matter of law that the plaintiff should be denied relief under the doctrine of "unclean hands." In his amended complaint the plaintiff alleged that, prior to the commencement of his business, the defendant Baker and a person named Clark operated a credit reporting and collection agency in the City of Palm Springs under the name of "Palm Springs Credit Bureau"; that they ceased operation of said business in Palm Springs prior to the commencement of plaintiff's business; that the business of Baker and Clark had a poor reputation; and that the plaintiff was required to overcome the hostility toward their business because of the confusion in names. The doctrine of "unclean hands" does not apply. Although the allegations in question establish a similarity between the names "Palm Springs Credit Bureau" and "Credit Bureau of Palm Springs" with resultant confusion, at the time the plaintiff appropriated the words to use in his business they did not then identify any other existing business; Baker and Clark made no objection thereto; no reason then existed for objection as they were not then in busi-

ness; and the use by plaintiff, as established by the finding of the trial court, gave the words a secondary meaning which identified them with his business at the time the defendants, in 1958, commenced their competing business in Palm Springs.

Objection is also made to an alleged disregard by the trial court of the pretrial order. When passing upon defendants' motion for nonsuit, the trial judge indicated that he believed the issues were much more limited than would appear from the pretrial order. The rules relating to pretrial conferences do not purport to restrict the authority of the trial court to limit the issues in accordance with the law and the evidence presented to it. (*Cf.* Rules for Superior Courts Relating to Pretrial Conferences, 47 Cal.2d 3-9.) A court may determine as a matter of law that the case before it does not present any material legal or factual issue with respect to particular contentions advanced by the litigants even though the pretrial order refers thereto. The conduct of the trial judge to which objection is made, was not error.

Objection is made to the testimony of an employee of the plaintiff respecting a telephone conversation between him and an employee of the defendants, which took place in the course of their respective employment, wherein the defendants' employee stated that she had received a money order from a Graham Alexander; that it was not for their office; that she had returned it to the post office on a prior occasion but it again was delivered to the defendants' office; and she inquired whether the plaintiff's employee had an account for such a person. The plaintiff's employee replied that he did have such an account. This testimony was objected to upon the ground that it was hearsay. Testimony to the effect that the two employees had a telephone conversation, identifying it by reference to the subject matter thereof, is not hearsay. As proof of the truth of the subject matter of the conversation, i.e., that the defendants' employee had received the money order in question, the testimony also was admissible as the declaration of an agent in the course of her employment. (Code Civ. Proc., § 1870, subd. 5; *Brown* v. *Spencer,* 163 Cal. 589, 594 [126 P. 493].) The objection is without merit.

 An employee of the plaintiff testified that a letter addressed to "The Credit Bureau of Palm Springs of Indio, 687 South Palm Canyon Drive," which is the office address of the plaintiff, was opened by him; that it was an expression of thanks for flowers sent to a funeral by the defendant Baker;

and that a photostatic copy was made of this letter. The copy was not introduced in evidence. The defendants moved to strike this testimony because the plaintiff made the foregoing copy of the letter. It is contended that the plaintiff's conduct was in violation of the federal law relating to the theft of mail. The contention is without merit. The letter was not stolen. It is obvious that the sender was confused and mailed the letter to the wrong address.

After the instant action was filed, the defendant McGuire incorporated his business; transferred to it the name "Credit Bureau of Palm Springs" which he had purchased from the defendant Baker who, in turn, allegedly had acquired it from the Griffings; and the defendants contend that the court should have granted their motion to abate the proceedings against them individually because of this fact. However, the evidence establishes that the defendants' Palm Springs operation is not being conducted by the corporation but by the defendant McGuire personally, with the defendant Baker as manager. The factual premise for this contention is without evidentiary support.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.