[Civ. No. 25168. Second Dist., Div. Three. Dec. 28, 1961.]

INDUSTRIAL PHOTO SERVICE, Plaintiff and Respondent, v. HOWARD KELLY, Defendant and Appellant.

William R. Phillips for Defendant and Appellant.

Alfred Lubin for Plaintiff and Respondent.

SHINN, P. J.—This is an appeal by defendant from a judgment restraining his use of the phrase "Industrial Photo Services" to describe his photographic business. The court based its judgment on findings that plaintiff had been "heretofore" in the business of industrial photography under the name "Industrial Photo Service," and was well known by that name in industry; since September 1959, defendant had solicited industrial photography business under the name "Kelly's Industrial Photo Services, Inc.," had answered his telephone as "Industrial Photo," and that the reason why the defendant adopted the name was to pirate away business from the plaintiff.

The findings are supported by evidence that the plaintiff corporation serves the Los Angeles area as industrial photographers; its business was established in 1946 by Hal Coops, who is the father of one of its present owners, and the firm was incorporated in 1956; the name of the firm has always been "Industrial Photo Service," it is also known as "Hal Coops Industrial Photo Service," and as "Industrial Photo," and is well known by those names in industry. The evidence

further established that the defendant Kelly has done business as an industrial photographer in the Los Angeles area since 1954, originally under the name of "Kelly-Holiday Photography" and later as "Dan P. Watts Photo Murals"; he first used the name "Kelly's Industrial Photo Services, Inc." in 1959; since 1954 he had been aware of the existence of plaintiff's firm and the fact that it operated as an industrial photography business under the name "Industrial Photo Service." There was evidence that defendant's advertising of the name "Kelly's Industrial Photo Services, Inc." in an industrial trade journal tended to convey the impression that his business was "tied-in" with the plaintiff's business. Several persons testified that the defendant's firm answered its telephone as "Industrial Photo."

 A complaining party may obtain an injunction against the use of a name in business that is similar or identical to its trade name, when the trade name has become identified in the minds of the public with the complainant's business, and when the use of the second name is likely to create confusion between the two businesses. (*Schwartz* v. *Slenderella Systems of Calif., Inc.*, 43 Cal.2d 107 [271 P.2d 857]; *Family Record Plan, Inc.* v. *Mitchell*, 172 Cal.App.2d 235 [342 P.2d 10].) The requisite identification of the trade name with the complainant's business need not extend throughout the entire public, but only to a reasonable or substantial portion of the purchasing public, that is, the public likely to use the plaintiff's services. (*Jackson* v. *Universal International Pictures, Inc.*, 36 Cal.2d 116, 122 [222 P.2d 433]; Nims, Unfair Competition and Trade-Marks (4th ed.), vol. 1, p. 161.)

 Based upon these principles, the judgment was proper. The evidence was sufficient to establish that an association existed in the minds of the relevant public of the term "Industrial Photo Service" with the business of plaintiff. Indeed, the fact that the plaintiff (considered as synonymous with its predecessor, Hal Coops) has conducted its business under that name since 1946, viewed with testimony that its clientele are gathered from throughout the Los Angeles basin supports a reasonable inference that the requisite identification exists.

The evidence was sufficient to establish the likelihood that the public would confuse the two businesses by virtue of defendant's use of the phrase "Industrial Photo Services, Inc." The mere similarity of the names, in itself, is sufficient

evidence that the public is likely to be confused. (*Hair* v. *McGuire*, 188 Cal.App.2d 348, 353 [10 Cal.Rptr. 414].) The court was further justified in finding that defendant's purpose in adopting a name practically identical to the respondent's name was to create that very confusion. ■ It was not necessary to the judgment that the use of the similar name was for the purpose of deception. (*Schwartz* v. *Slenderella Systems of Calif., Inc., supra*, 43 Cal.2d 107, 111.) It may be noted, however, that the presence of deceptive purpose is evidence that the trade name has acquired a secondary meaning, and therefore in cases of deliberate deception the plaintiff's burden of otherwise proving public identification of his business with the borrowed phrase is somewhat lessened. (If the defendant adopts a likeness to the plaintiff's trade name for the purpose of passing off his product as that of the plaintiff, it indicates his belief, at least, that the public has associated the trade name with the plaintiff's goods or services.)

The defendant contends that it was necessary for him to use the forbidden term in order to identify the nature of his business. Of course, if this were true, the injunction could not properly issue. The contention is not made good, however, as defendant argues, by the fact that the words "industrial," "photography," and "photo" are generic definitions and not therefore technically susceptible of exclusive appropriation. (*Cf. American Automobile Assn.* v. *Automobile O. Assn.*, 216 Cal. 125 [13 P.2d 707, 83 A.L.R. 699] with *Academy of Motion Picture Arts & Sciences* v. *Benson*, 15 Cal.2d 685 [104 P.2d 650].) ■ Generic terms will be protected, once a secondary meaning has attached, unless the defendant cannot otherwise describe his product or service. (*Cf. Kellogg Co.* v. *National Biscuit Co.*, 305 U.S. 111 [59 S.Ct. 109, 83 L. Ed. 73], denying injunction, where the product could not be described by other than its "generic" term (Shredded Wheat), with cases more analogous to the instant case: *Rosenthal* v. *Brasley-Krieger S. Co.*, 19 Cal.App.2d 257 [64 P.2d 1109]; *Physician's Electric etc. Corp.* v. *Adams*, 79 Cal. App.2d 550 [180 P.2d 422]; *Hair* v. *McGuire, supra,* 188 Cal. App.2d 348, wherein injunctions were upheld.) ■ The injunction here does not forbid the use of individual words, but rather a particular combination of words having a misleading effect, and there is no showing nor reason to believe that defendant could not describe his business by some combination of the words "industrial" and "photography" with-

out carrying out the similarity to the plaintiff's name to the extent of abbreviating "photography" to "photo" and affixing the word "service" onto the term. (See Callmann, Unfair Competition and Trade-Marks, (2d ed.), vol. 3, p. 1458 et seq. and cases there cited.) Nor is the prefixing of defendant's proper name to the term sufficient antidote to the identity otherwise existing between the two business names. (See *Herring-Hall-Marvin Safe Co.* v. *Hall's Safe Co.*, 208 U.S. 554, 559 [28 S.Ct. 350, 52 L. Ed. 616, 621]; *Rosenthal* v. *Brasley-Krieger S. Co.*, *supra*, 19 Cal.App.2d 257; *Marsalli's Blue Ribbon Coffee Co.* v. *Blue Ribbon Products Co.*, 159 Cal.App.2d 357 [323 P.2d 787].)

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.