[Civ. No. 11559. First Appellate District, Division Two.—December 10, 1940.]

W. R. LAW et al., Respondents, v. GENERAL GRANT CRIST, M. D., et al., Appellants.

Charles G. Young, Chester J. Staley and C. C. Caswell for Appellants.

Derthick, Cusack & Ganahl, A. Weymann, W. R. Law and Herbert Ganahl for Respondents.

STURTEVANT, J.—In 1909 the plaintiffs and their associates, including the defendants Crist and Staley, were a

group working together to advance and disseminate the teachings of theosophy as expounded by the writings of H. P. Blavatsky and William I. Judge. At or about the date last mentioned they acted under the name of United Lodge of Theosophists. Until the events hereinafter to be mentioned they so acted and maintained a meeting place in Los Angeles. Similar lodges were and are in existence in populous centers in America and elsewhere. All worked and co-operated to accomplish the same general purposes.

In 1937 several members, including the defendants Crist and Staley, withdrew from the lodge at Los Angeles and attempted to start an organization having the same general purposes. They formed a corporation under the name of United Lodge of Theosophists, Inc., and proceeded to act under that name. On July 21, 1937, the plaintiffs commenced this action to obtain a decree enjoining the corporation and the board of directors thereof from using said name. The defendants Crist, Staley and United Lodge of Theosophists, Inc., severally answered. The trial court made findings in favor of the plaintiffs and those defendants who answered appealed from the judgment.

Before answering each of the defendants, Crist, Staley and United Lodge of Theosophists, Inc., severally filed demurrers. The demurrers were both general and special. Each made many attacks on the plaintiffs' complaint. However each demurrer was overruled. The defendants now claim the trial court erred in overruling said demurrers. We find no merit in that claim. The complaint was drawn in conformity with the pleading that was under attack in *Hooper* v. *Stone,* 54 Cal. App. 668 [202 Pac. 485]. On the authority of that case we have no hesitancy in saying that the complaint in the case before us is sufficient. As to many of the special attacks the defendants merely repeat the allegations made in the demurrer. In others, without citing any authority, they do no more than to assert that the plaintiffs should have alleged certain probative facts. Such attacks are insufficient presentations. (2 Cal. Jur. 726 "Appeal and Error", secs. 418–423.)

It is asserted the plaintiffs did not have legal capacity to sue. It is settled law that they had. (7 C. J. S. 82; *Wheelock* v. *First Presb. Church,* 119 Cal. 477 [51 Pac. 841].)

Again it is asserted that there is a misjoinder of de-

fendants because both the defendant corporation and the directors thereof were joined. But it was proper practice to make all persons parties who would be prejudiced if an injunction was improperly issued. (14 Cal. Jur. 249.)

The defendants quote from the record that the unincorporated association had no officers, no constitution and no by-laws. They then quote from *Estate of Irwin*, 196 Cal. 366, 372 [237 Pac. 1074], as follows: "The usual meaning of the term 'association' is an 'unincorporated organization composed of a body of men partaking in general form and mode of procedure of the characteristics of a corporation.'" They then contend that the findings are not sustained by the evidence. That is, they claim there was no evidence that there was an unincorporated association or that the plaintiffs were members thereof. But the defendants fail to note that the definition quoted above is, by its terms, not, inclusive and exclusive. There are other well known associations. "The term is often used as synonymous with 'company' or 'society'." (7 C. J. S. 19.) The trial court in effect so held and its findings are abundantly sustained by the evidence.

Restating the same facts, the defendants make the point that the trial court erred in granting an injunction. We think not. The record shows a flagrant violation by defendants of the rights of the plaintiffs. In *Burrell* v. *Michaux*, (Tex. Civ. App.) 273 S. W. 874, the Court of Civil Appeals of Texas was called upon to determine a similar controversy. On page 880, Mr. Justice Graves, speaking for the court, said: "That such imitation furnished a *casus belli*, a just ground for injunctive relief, to such a benevolent association as the appellees constituted, even though neither incorporated nor engaged in business for material profit, has, we think, been definitely determined by the courts of this country, which have come to apply to real life with us, especially in its fraternal, benevolent, and humanitarian activities, at least the idea inhering in the doctrine of Iago to Othello: 'He who steals my purse steals trash, but he that filches from my good name leaves me poor indeed.'" He then cites numerous authorities to support his statement. In the same decision the writer says: "The right to injunction in such cases has furthermore been determined to be dependent neither upon the actual showing of specific injury nor the misleading of any particular person, the demands of the law in this

respect being met when it is made to appear that there is a natural and probable tendency to mislead and confuse the public to the hurt and injury of the association having the prior right to the distinctive names and emblems.'' (Citing many authorities including those he had already cited.)

After the findings had been prepared the defendants made a set directly opposed thereto. They made a motion that their set be adopted instead of the others. Their motion was, they claim, erroneously denied. Not so. There was no conflict in the evidence. There was nothing on which the proposed new findings could rest.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.