[Civ. No. 14150. First Dist., Div. Two. Mar. 23, 1950.]

JOHN BEARD MEMORIAL FOUNDATION (a Nonprofit Corporation), Appellant, v. ERNEST T. KREBS, JR., et al., Respondents.

George B. White for Appellant.

John G. Reisner for Respondents.

DOOLING, J.—Plaintiff sued to enjoin defendants from using the name John Beard Memorial Foundation in connection with defendants' laboratory work devoted to cancer research. Defendants answered and cross-complained alleging prior adoption and use of the name and asked that plaintiff be prohibited from using it. The court first granted judgment for plaintiff but on motion for new trial the findings were amended to read that the parties were the joint and several owners of the name and entitled to the joint and several use thereof and judgment followed accordingly. Defendants did not appeal on their cross-complaint, but plaintiff foundation appeals from the amended judgment.

The appellant foundation, a nonprofit corporation, was incorporated in 1944 under the name ''University Research Foundation'' and from late in 1944 or early in 1945 until the end of 1946 Dr. Gurchot, representing the foundation, worked without charge to himself in the laboratory belonging to defendant Dr. E. T. Krebs, and in collaboration with the two defendants. During 1944 the name of John Beard had been discussed between Dr. Gurchot and the defendants because their experiments had been inspired by a book by the scientist John Beard. The name ''John Beard Memorial Foundation'' was in use during 1946, particularly in articles published by Dr. Gurchot and E. T. Krebs, Jr., with the collaboration and approval of Dr. E. T. Krebs. The laboratory earned no income and there was no attempt to organize in any formal manner nor was there any specific agreement or filing of certificate of doing business under a fictitious name. Rather there was but a loose working arrangement which suited the convenience and purposes of the parties at the time.

As a result of personal differences early in 1947, Dr. Gurchot terminated the collaboration and his use of the laboratory and on January 20, 1947, the corporate name of University Research Foundation was changed to John Beard Memorial Foundation without the knowledge or consent of the defendants. Dr. Gurchot severed all connections with defendants by June, 1947. Thereafter both plaintiff and defendants con-

tinued the use of the name John Beard Memorial Foundation in connection with the work which was thenceforth carried on by each independently of the other.

It is unquestioned that while Dr. Gurchot and the two defendants were working together in Dr. Krebs' laboratory they commenced to use the fictitious name John Beard Memorial Foundation in connection with the laboratory and the scientific work there carried on together and the primary question presented is whether the corporation which Dr. Gurchot represented in that association could gain exclusive right to the use of that name against the association by secretly adopting the name without the knowledge or consent of a majority of the associates.

■ A voluntary, nonbusiness association may by user acquire the right to a fictitious name. (*Law* v. *Crist,* 41 Cal. App.2d 862 [107 P.2d 953] ; *Purcell* v. *Summers,* 145 F.2d 979 ; *Kline* v. *Knights of the Golden Eagle,* 113 N.J.Eq. 513 [167 A. 758] ; *Faisan* v. *Adair,* 144 Ga. 797 [87 S.E. 1080, Ann.Cas. 1918A 243] ; *Talbot* v. *Independent Order of Owls,* 220 F. 660 [136 C.C.A. 268] ; 7 C.J.S. 37.) ■ Appellant asserts however that there was no evidence to support a finding of such public user of the name by the associates as to establish a right thereto. Dr. Gurchot and the younger Krebs published in a scientific journal a letter signed by them jointly as representing the John Beard Memorial Foundation. This publication sufficiently excited the interest of a former pupil of John Beard that he wrote from Scotland to inquire about the foundation. Dr. Gurchot, while associated with the defendants, published an article under his signature using the name John Beard Memorial Foundation and the address of Dr. Krebs' laboratory. Dr. Gurchot's article appeared in a January, 1947 issue of Science and since the change of name of the corporation was not adopted until January 20, 1947 it is a fair inference that the use by him of the name John Beard Memorial Foundation in that article must have referred to the association and not to the corporation, bearing in mind the lapse of time to be expected between submission of the articles and publication. Stationery was ordered bearing the name John Beard Memorial Foundation and giving the address of Dr. Krebs' laboratory and this was used in correspondence concerning the affairs of the laboratory and the experiments there carried on ; and, while the articles were not produced, the younger Krebs testified on cross-examination

that before Dr. Gurchot withdrew from the association the younger Krebs had sent articles and letters to scientific publications using the name John Beard Memorial Foundation.

Bearing in mind that the burden was on appellant to establish its prior right to the exclusive use of the fictitious name we are satisfied that there was substantial evidence to support the trial court's conclusion that this burden had not been met.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.