In re GOLDEN PLAN OF CALIFORNIA, INC., a California corporation, Debtor.

In re STATE LOAN SERVICING, INC., a California corporation, Debtor.

In re FINANCIAL SECURITIES AGENCY, a California corporation, Debtor.

In re MID–CENTRAL CALIFORNIA, INC., a California corporation, Debtor.

**Melvyn J. COBEN, Trustee in Bankruptcy, Plaintiff,**

**v.**

William LEBRUN, Patti Lebrun, William Chisham, Peter H. Novell, M.G. Mitchelltree, and Trust Deed Agency, Defendants.

Bankruptcy Nos. 282–00571–D–11 to 282–00574–D–11.
Adv. No. 283–1700.

United States Bankruptcy Court, E.D. California.

Feb. 21, 1984.

Melvyn J. Coben, Sacramento, Cal., Trustee.

Nancy S. Eichler, Deborah J. Frick, Jane H. Rabin, Sacramento, Cal., for trustee.

Peter H. Norell, Upland, Cal., for Lebrun, et al.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### FACTS

On February 18, 1982, involuntary petitions under Chapter 11 of the Code were filed against the debtor, Golden Plan of California, Inc. and its three related entities, State Loan Servicing, Inc., Financial Securities Agency, Inc., and Mid-Central California, Inc. Thereafter, on April 9, 1982 the court entered an order for relief, appointed Melvyn J. Coben as trustee, and ordered the cases consolidated for administrative purposes. In an order filed on June 9, 1982, the court found that Certified TD Service, Inc. was an alter-ego of the debtor.

On December 1, 1982, the California Franchise Tax Board (Board) suspended

Certified TD Service, Inc. and, similarly on February 1, 1983 the Board Suspended Financial Securities Agency, Inc. The Board also issued a Notice of Suspension or Forfeiture of Golden Plan of California, Inc. for the alleged non-payment of certain taxes on July 1, 1983. The trustee learned of the three suspensions in July and August 1983.

At about the same time the trustee learned about the suspensions, William L. Lebrun through his attorney, William E. Chisham, filed articles of incorporation for the three suspended entities on July 20, 1983. Lebrun formerly did business with Frank Monaco, an insider of the debtor, and Lebrun currently owns a foreclosure company. Shortly after filing the articles, Lebrun telephoned the trustee's office and indicated that he claimed ownership of the three names and that he intended to use the three corporations and their names to assist his own client-investors with foreclosures involving property of the estate. Lebrun also telephoned Byron Damiani of Pacific Trust Deed Services, who has been approved by this court's order of April 11, 1983 to process foreclosures for the trustee. According to Damiani, Lebrun warned him not to conduct any further foreclosures because of his ownership of the three corporations.

Upon the ex parte application of the trustee this court issued a temporary restraining order on August 12, 1983. And, on August 22, 1983, the court signed a preliminary injunction enjoining William and Patti Lebrun, William E. Chisham, Peter H. Norell, Trust Deed Agency, and M.G. Mitcheltree and their agents and employees from using the name of the debtor, its related entities, and alter-egos. After the most recent hearing, the court must decide whether or not a permanent injunction should be granted.

## DISCUSSION

Although not raised by the parties, the court's analysis of this dispute begins with the issue whether or not the debtor's corporate name is property of the estate.

11 U.S.C. § 541(a)(1) states that the "estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." This definition is broad and includes both tangible and intangible property. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The definition of property of the estate is much broader under the Code than under the Act. *See United States v. Whiting Pools, Inc.,* —— U.S. ——, —— – ——, 103 S.Ct. 2309, 2312–15, 76 L.Ed.2d 515, 521–23 (1983); *In re Johns-Manville Corp.,* 33 B.R. 254, 266–68 (Bkrtcy.S.D.N.Y.1983). Although there is now a reduced reliance on state law to determine what property will come into the estate, 4 *Collier on Bankr.* ¶ 541.02 at 541–9–10 (15th Ed.1983), a court must still apply state law to determine the existence and nature of a debtor's interest in property. However, once that determination is made, federal bankruptcy law dictates if the interest is property of the estate. *In re Vermont Real Estate Investment Trust,* 25 B.R. 813, 816 (Bkrtcy.D.Vt. 1982); *In re Hackett,* 23 B.R. 710, 711 (Bkrtcy.E.D.Pa.1982); *In re Hurricane Elkhorn Coal Corp. II,* 19 B.R. 609, 615 (Bkrtcy. W.D.Ky.1982).

At issue here is the corporate name of the debtor. A corporate name is an interest defined by state law. California law provides that the articles of incorporation must set forth a corporate name and that the Secretary of State shall not file articles which contain a name which is likely to mislead the public. Cal.Corp.Code §§ 201(b), 202(a). A business may acquire an exclusive, proprietary right to the use of a corporate name. *Hooper v. Stone,* 54 Cal.App. 668, 672, 202 P. 485 (1921).

Under § 70(a)(2) of the Act, tradenames were considered property of the estate. *United States Ozone Co. v. United States Ozone Co. of America,* 62 F.2d 881, 885–86 (7th Cir.1932); *Johanna Farms Inc. v. Citrus Bowl, Inc.,* 468 F.Supp. 866, 874 (E.D.N.Y.1978). A tradename is akin to a corporate name because both involve the

exclusive right to the use of a name. Since the definition of property of the estate under § 541 of the Code encompasses all forms of property specified in § 70(a) of the Act, H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), the court finds that a debtor's corporate name is property of the estate. As such, it is entitled to the protection of the automatic stay.

11 U.S.C. § 362(a)(1) provides,

a petition filed ... operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The scope of the automatic stay is broad and applies to both formal and informal proceedings against the debtor. 2 *Collier on Bankr.* ¶ 362.04 at 362–27. Any action taken in violation of the automatic stay is void. *Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir. 1982).

■ In the present case, the state Franchise Tax Board acted pursuant to Cal.Rev. & Tax Code § 23301 [1] to suspend the corporate powers of Golden Plan of California, Inc., Certified TD Service, Inc., and Financial Securities Agency, Inc. The court finds that the Board's actions do fall within the broad scope of the automatic stay and therefore, have no effect. [2] Since the corporate powers were never suspended, Lebrun's filing of the articles of incorporation for the three entities similarly had no effect.

Alternate grounds also exist for the granting of the permanent injunction.

■ 11 U.S.C. § 105(a) states, "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) gives the court authority to enjoin acts that interfere with the administration of the estate. 2 *Collier on Bankr.* ¶ 105.02 at 105–3. *See also Grover v. Palmer,* 625 F.2d 321, 324 (9th Cir. 1980). Before a court can issue a permanent injunction, the plaintiff must show that the defendant's actions will cause irreparable harm and that no adequate remedy at law exists. *Beacon Theatres v. Westover,* 359 U.S. 500, 506, 79 S.Ct. 948, 954, 3 L.Ed.2d 988, 995 (1959).

■ The evidence in this case indicates that Lebrun's use of the corporate name of the debtor would interfere with the administration of the estate. The court appointed foreclosure company has indicated that if Lebrun is permitted to use the name it will not process any further foreclosures for the trustee due to the fear of potential liability. Lebrun's use of the corporate name would have a chilling effect on anyone appointed by the court to work for the trustee and with other title insurance and foreclosure companies that the trustee must deal with. Based upon the evidence, the court finds that Lebrun filed the articles of incorpora-

1. Cal.Rev. & Tax Code § 23301 provides in part:
   the corporate powers, rights and privileges of a domestic taxpayer, may be suspended, ... if any of the following conditions occur: (a) If any tax, penalty or interest, or any portion thereof ... if not paid ... or (b) If any tax, penalty or interest, or any portion thereof, due and payable upon notice and demand from the Franchise Tax Board ... is not paid.

2. The Board's actions are not excepted by § 362(b)(4) of the automatic stay. That section states, "[t]he filing of a petition ... does not operate as a stay—(4) under subsection (a)(1) of this section of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Since the primary purpose of Cal.Rev. & Tax Code § 23301 is the protection of a pecuniary interest (the payment of taxes) and not the protection of the public health or safety, the exception does not apply. *Missouri v. United States Bankr. Ct.,* 647 F.2d 768 (8th Cir.1981) *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *In re Thomassen,* 15 B.R. 907 (Bkrtcy. 9th Cir.1981).

tion for the specific purpose of coercing the trustee to employ his foreclosure company.

The requirements for a permanent injunction have also been met here. The Golden Plan bankruptcy involves thousands of investors and borrowers and a substantial portion of the estate's assets is comprised of the trustee's beneficial interest in second trust deeds. The trustee must continually bring foreclosure proceedings against defaulting borrowers. The evidence indicates that confusion has already occurred. A note and deed of trust which were intended for the trustee were delivered instead to Chisham, Lebrun's attorney. In yet another incident a summons and notice of trial were addressed incorrectly to Chisham.

Due to the number of people involved in this bankruptcy, its complexity, and the length of time this case is expected to be under the court's jurisdiction, a very real potential for confusion and error exists. Irreparable injury will occur to the administration of the estate if Lebrun is permitted to use the debtor's corporate name. The legal remedies available to the trustee are also inadequate. If the trustee is required to continually bring actions against Lebrun, the trustee will be diverted from administering this estate. In addition, the trustee may be required to pursue a series of suits since the potential harm to the estate will not be an isolated incident.

### CONCLUSION

The court finds that the corporate name is property of the estate and that neither the suspension nor the subsequent reincorporation by Lebrun had any effect. Since the requirements for a permanent injunction have been met and to safeguard the administration of the estate, the court will issue a permanent injunction.

This decision shall constitute findings of fact and conclusions of law. Counsel for the trustee shall prepare and submit an order consistent with this decision.